BATES *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—PERSONAL INJURIES—WHETHER WALK REASONABLY SAFE QUESTION OF FACT.

A cement sidewalk containing a hole 5 feet long, 18 inches wide, and 4 inches deep, into which a pedestrian stepped and was severely injured cannot be said, as matter of law, to be in a condition reasonably fit and safe for public travel.

2. SAME—WHETHER PEDESTRIAN GUILTY OF CONTRIBUTORY NEGLIGENCE QUESTION OF FACT.

A pedestrian who stepped into a hole in the sidewalk and was injured cannot be said to have been guilty of contributory negligence as matter of law, where she had never been over the walk before, did not know of its defective condition, and her attention was necessarily directed to making her way against crowds of workmen leaving the factories in that locality at the time.

3. APPEAL AND ERROR—DENIAL OF NEW TRIAL NOT REVIEWABLE UNLESS EXCEPTION TAKEN.

Under 3 Comp. Laws 1915, § 12635, an order denying a motion for a new trial is not reviewable, where no exception thereto was taken.

4. MUNICIPAL CORPORATIONS—NOTICE OF INJURY—VARIANCE BETWEEN NOTICE AND PROOF.

Where neither the city charter nor the statute (1 Comp. Laws 1915, § 4591) providing for notice to the city of a claim for personal injuries required a description of the manner in which the accident happened, it was not a fatal variance because the notice stated that plaintiff's right foot slipped into a hole in the sidewalk, and on the trial it appeared that it was the left foot.

5. SAME—WITNESSES NOT INCLUDED IN NOTICE MAY TESTIFY IF UNKNOWN WHEN NOTICE GIVEN.

There was no error in allowing witnesses to testify, although their names were not included in the notice to the

city, as required by the statute, where they were unknown to plaintiff at the time the notice was given.

6. Damages—Testimony as to Suffering and Discomfort Occasioned by Essential Treatment Admissible.

> In an action against a city for injuries to plaintiff's left hip, there was no error in admitting testimony as to suffering and discomfort arising from both limbs being inclosed in a cast, where said treatment was essential, although there was no injury to the right limb.

Error to Wayne; North (Walter H.), J., presiding. Submitted April 5, 1928. (Docket No. 41.) Decided June 4, 1928.

Case by Emma L. Bates against the city of Detroit for personal injuries caused by a defective sidewalk. Judgment for plaintiff. Defendant brings error. Affirmed.

*James R. Walsh* (*Clarence E. Wilcox,* of counsel), for appellant.

*Dohany & Dohany,* for appellee.

Wiest, J.    Plaintiff received serious and permanent injuries in a fall, claimed to have been caused by a defective cement sidewalk, and had verdict and judgment for $15,000.    Defendant reviews by writ of error.

Plaintiff, a married woman, 55 years of age, the 10th day of June, 1924, at about 5 o'clock in the afternoon, was walking in an easterly direction upon the cement sidewalk on the northerly side of Holden avenue in the city of Detroit, between the intersections of Forsythe and Hamilton avenues.    Workmen, employed in factories in that locality, were in large numbers upon the sidewalk, going westerly, hurrying to car lines or their homes, and plaintiff, in meeting them, had "to

---

°Damages, 17 C. J. § 325.

wedge her way through the crowd." While doing this she stepped with her left foot upon the edge of a hole in the sidewalk, her foot went into the hole and she was thrown and injured. This hole was occasioned by a break in the cement walk, extending to a point about 18 inches inward from the outer edge, was several feet long and at least 4 inches in depth, and had existed for more than a year. Plaintiff was not familiar with the walk. Defendant conceded that, by actual measurement made by one of its employees, the break in the walk was 5 feet long, 18 inches wide, and 4 inches deep, and insists that the walk, with such a defect in it, was in a condition reasonably fit and safe for public travel. One witness for plaintiff, who measured the hole with a pocket rule the day following the accident, testified that it was 8 inches deep, while other witnesses for plaintiff estimated the depth at from 5 to 8 inches. If the hole was of the depth and dimensions admitted by defendant it cannot be said, as a matter of law, that the walk was in a condition reasonably fit and safe for public travel, *Wadkins* v. *City of Albion*, 201 Mich. 130. The evidence presented an issue for the jury.

We are asked to hold plaintiff guilty of contributory negligence because she was not observing the condition of the sidewalk as she walked along. We cannot so hold. Plaintiff testified that she had never been over the walk before, did not know of the defective condition, and her attention was necessarily directed to making her way against the crowd she encountered. Under the evidence, the question of her contributory negligence was for the jury.

It is claimed that the verdict is excessive. Defendant moved for a new trial on this ground and requested the filing of reasons if the motion was denied. The motion was denied, but the record does not disclose the reasons, if any, filed, and does not show an

exception to the denial. Whether the verdict is excessive or not requires consideration of the evidence and calls for our review of the denial of the motion. We cannot review denial of the motion for a new trial without an exception. The subject is covered in *Tishhouse* v. *Schoenberg*, 234 Mich. 271. In that case we said:

"There is an insuperable objection to reviewing the denial of the motion for a new trial. No exception was taken to his order overruling the motion. Under these circumstances, the question is not before us;" citing section 12635, 3 Comp. Laws 1915, and cases.

Defendant claims there was a fatal variance between the notice of the accident given the city and the proofs at the trial.

Section 4591, 1 Comp. Laws 1915, with reference to the notice to the city, provides:

"The notice will specify the location and nature of said defect, the injury sustained, and the names of the witnesses known at the time by claimant."

Defendant's charter, tit. 6, chap. 7, § 12, requires the same notice.

In the notice to the city plaintiff stated the location and nature of the alleged defect and alleged that her *right* foot slipped off the outer edge of the broken section of the walk and was precipitated downward into the depression and she fell in such a manner as to fracture the bones of her left hip. In the declaration it was alleged that her *right* foot slipped on the broken edge of the cement sidewalk, into the hole or depression, and caused her to fall and suffer a fracture of her left hip. At the trial it appeared that it was her *left* foot that stepped on the edge of the broken walk and not her right foot. Neither the statute nor the charter required a description of the manner in which the accident happened. The variance was not fatal.

At the trial two witnesses were called by plaintiff, and, their names not having been included in the notice to the city, an objection was made to their giving testimony.   An issue of fact was raised upon whether plaintiff knew of the witnesses at the time of the giving of notice to the city and this issue was submitted to the jury, with instructions that, unless the jury found these witnesses were unknown to plaintiff at the time the notice was given, their testimony should not be considered.   We find no error in this.

There was no injury to plaintiff's right leg, but in the course of treatment of the injury to the left hip both limbs were inclosed in a cast during the first month, and defendant insists it was error to give testimony of discomfort arising from such treatment.   If the treatment was essential because of the injury to the left hip there was no error in permitting plaintiff to show the suffering occasioned by the injury and treatment.

We find no reversible error, and the judgment is affirmed, with costs to plaintiff.

FEAD, C. J., and FELLOWS, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.   NORTH, J., did not sit.