GILLILAND CONSTRUCTION COMPANY *v.*
STATE HIGHWAY DEPARTMENT.

1. PLEADING—COURT OF CLAIMS—STATEMENT OF CLAIM.

    First amended complaint filed by plaintiff highway contractor
    in action to recover from State moneys due for extra work
    done on highway *held*, to state a valid claim meeting the re-
    quirements of the statute, and to state the time when and
    place where the claim arose and to state in sufficient detail
    the nature of the claim, the items of damage and the depart-
    ment involved (CLS 1961, § 600.6431 *et seq.*).

2. COSTS — PUBLIC QUESTION — COURT OF CLAIMS — HIGHWAY CON-
    TRACT.

    Costs are **not** awarded in action to recover money due for extra
    work performed by a highway contractor, where the cause is
    remanded for a hearing on the first amended complaint, a
    public question being involved.

Appeal from Court of Claims; Peterson (William
R.), J., presiding. Submitted Division 2 April 6,
1966, at Lansing. (Docket No. 699.) Decided Octo-
ber 25, 1966.

Complaint by Gilliland Construction Company, a
Michigan co-partnership, against the State Highway
Department to recover payment for extra work done

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleading § 73 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 1009 *et seq.*

on a forced account.   Complaint dismissed.   Plaintiff appeals.   Reversed and remanded.

*Charest & Clancy,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *Eugene F. Townsend, Sr.,* Assistant Attorneys General, for defendant.

T. G. KAVANAGH, J.   The plaintiff constructed a section of interstate highway I-75 in Chippewa and Mackinac counties pursuant to a contract with the defendant.   Early in September 1963, part of the construction heaved and cracked and complaint was made to plaintiff by defendant.   Responsibility for the damage was disputed by the parties, plaintiff maintaining the damages were caused by matters outside of its control and defendant claiming plaintiff had failed to perform its contract properly.

On September 12, 1963, the parties reached apparent agreement that defendant would pay plaintiff for the additional work and correction of the defect and plaintiff would repair the highway.   A work order upon those terms was issued by the defendant to the plaintiff on September 17, 1963.

On September 18, 1963, defendant sought to cancel its work order of the previous day, and issued a work order requiring plaintiff to perform the additional work in accordance with its original contract on a "forced account" basis.   Plaintiff performed the work and on September 26, 1963, gave notice to defendant of its claim for an additional payment of $20,134.82.   The claim was denied by defendant and on February 6, 1964, plaintiff filed a complaint in the Michigan court of claims.

Because the pleadings and their effect are in issue on this appeal a step-by-step consideration of them

.is in order. Defendant's response to the ·complaint of February. 6, 1964, was a motion to dismiss for want of jurisdiction because the complaint did not comply with the statute (CLS 1961, § 600.6431 [Stat Ann 1962 Rev § 27A.6431]) in that it: (1) failed to state the time when the claim arose, and (2) failed to state in detail the items of damage claimed to have been sustained.

Plaintiff filed an amended complaint on March 23, 1964, which additionally indicated the time when the claim arose. On April 8, 1964, defendant moved to correct or strike both counts (1) and (2) of the complaint as amended for plaintiff's failure to state the items of damage in detail as required by the cited statute.

This motion came on for hearing on June 1, 1964, and the court apparently indicated that unless the complaint were amended the motion would be granted. Then, upon leave granted, plaintiff filed a second amended complaint on June 15, 1964. On July 27, 1964, defendant filed his answer. In the answer defendant recited that he was "reserving all manner of benefit arising out of the insufficiencies and inconsistencies of plaintiff's amended complaint."

Subsequently defendant noticed that the second amended complaint was not verified as required by statute* and moved for dismissal on October 13, 1964. Hearing on the motion was had on October 19, 1964, at which time plaintiff moved to amend his complaint again by verifying it.

On March 16, 1965, having had the matter under advisement since the hearing the court denied the motion to amend and entered an order for judgment dismissing the complaint. From such order this appeal is taken.

---

* CLS 1961, § 600.6434 (Stat Ann 1962 Rev § 27A.6434).

A careful examination of the record and the pleadings found therein, convinces us that a valid claim meeting the requirements of the statute, which requirements are jurisdictional, was filed and the complaint should not have been dismissed.

The first amended complaint which was verified, stated the time when and place where the claim arose and stated in sufficient detail the nature of the claim, items of damage, and the department involved.

An order shall be entered setting aside the judgment of the court of claims and remanding this matter for further proceedings on the first amended complaint. Such order shall provide that the defendant have 20 days from the entry of said order to respond to the first amended complaint.

Reversed and remanded without costs, a public question being involved.

LESINSKI, C. J., and QUINN, J. concurred.