## MEREDITH v. CITY OF MELVINDALE.

1. MUNICIPAL CORPORATIONS—NEGLIGENCE—PROPER NOTICE—SUMMARY JUDGMENT.

Summary judgment for defendant city in action to recover for injuries sustained by minor while playing in a playground under the direction and control of a recreation commission created by written agreement between city and school district *held*, proper when the right to make a defendant of the city was conditioned upon proper notice to certain designated city officers, containing names of witnesses and specific information as to nature of defect or injury, and the notice was served on the city attorney, a nondesignated official, and failed to conform to the particularity requirements of the city charter (CL 1948, §§ 123.51–123.53; Melvindale City Charter, chap 30, § 9).

2. SCHOOLS AND SCHOOL DISTRICTS—STATE AGENCY—RECREATION COMMISSION.

A school district is an agency of the State and as such is clothed with sovereign immunity in cocreating a recreation

REFERENCES FOR POINTS IN HEADNOTES
[1] 38 Am Jur, Municipal Corporations §§ 685, 690 *et seq.*
[2] 47 Am Jur, Schools §§ 12, 14.

commission with a city to provide recreation and playground facilities; therefore, it is not liable for injuries to a child at one of its schoolhouses while he was playing at a play yard operated by the recreation commission (CL 1948, §§ 123.51–123.53).

Appeal from Wayne, Weideman (Carl M.), J. Submitted Division 1 December 6, 1967, at Detroit. (Docket No. 3,296.)   Decided April 25, 1968.   Leave to appeal denied plaintiff as to defendant Melvindale-. Northern Allen Park Public Schools and granted, limited to sufficiency of notice of claim as to defendant City of Melvindale June 27, 1968.   See 381 Mich 758, 381 Mich 572.

Complaint by Edward Meredith, individually and as next friend of Fred Meredith, against the City of Melvindale, a municipal corporation, and the Melvindale-Northern Allen Park Public Schools of Wayne County, a municipal corporation, for injuries sustained by Fred Meredith due to the negligence of defendants.   Defendants' motions for accelerated judgment and summary judgment granted.   Plaintiff appeals.   Affirmed.

*David H. Fried,* for plaintiff.

*Cary, BeGole, Martin, Bohall & Joselyn,* for de-. fendant City of Melvindale.

*Davidson, Gotshall, Halsey, Kohl, Nelson, Secrest & Wardle,* for defendant Melvindale-Northern Allen Park Public Schools.

McGREGOR, J. Plaintiff, a minor, was injured while retrieving a baseball from a schoolhouse roof, using a ladder owned by his father. He had hit the ball from a play yard which was under the direction and

control of a recreation commission, a new quasi-municipal corporation, created by written agreement between the city of Melvindale and the Melvindale-Northern Allen Park school district. Such a commission was operating the playground and was clothed with statutory responsibility and authority, *viz.*:

"Any city, village, county or township may operate a system of public recreation and playgrounds; acquire, equip and maintain land, buildings or other recreational facilities; employ a superintendent of recreation and assistants; vote and expend funds for the operation of such system." CL 1948, § 123-.51 (Stat Ann 1958 Rev § 5.2421).

"Any school district may operate a system of public recreation and playgrounds, may vote a tax to provide funds for operating same, and may exercise all other powers enumerated in section 1." CL 1948, § 123.52 (Stat Ann 1958 Rev § 5.2422).

A letter was sent by plaintiff's father 24 days after his injury to the Melvindale city attorney. The letter generally outlined the nature, date, and place where such injuries were sustained; however, it failed to comply with all of the provisions of the city ordinance concerning notice of injuries. The city ordinance requires such notice to be served on certain designated city officials, of which the city attorney was not one, requires the names of witnesses to be given, and requires specific information as to the nature of the defect or injury. This letter was sent to a nondesignated city official and failed in its particularity to conform with the requirements of the ordinance. The city charter of the city of Melvindale provides:

"Claim for injuries: The city shall not be liable for unliquidated damages for personal or other injuries unless the person suffering the injury or sus-

taining the damage, or someone in his behalf, shall serve notice in writing upon the city within 60 days after such injury shall have been sustained, which notice shall specify the location and the nature of the defect, the injury sustained, the names of the witnesses and the facts concerning the happening of the accident complained of. The failure to so notify the city shall exonerate, excuse and exempt the city from all liability on account of such injury. *Such notice shall be served upon the mayor or city clerk or any member of the common council.*" Chapter 30, § 9, p 83. (Emphasis added.)

Action was commenced on May 17, 1966, naming defendants city and school board, jointly and severally. A motion was then filed for accelerated judgment[1] by the defendant school district on the grounds of sovereign immunity from tort liability. Motion for summary judgment[2] was made by the defendant city on the grounds of the failure of the plaintiff to state a claim, defective notice, and the fact that the playground was not operated by the city but by a recreation commission. The lower court found for the defendants and granted the motion for accelerated judgment and the motion for summary judgment, hence this appeal.

The civil liability of a school district, according to the law in June, 1964, the date of this occurrence, is determined by the governmental immunity doctrine. The school district is a State agency, and, as such, enjoys immunity from tort liability for its governmental functions.

"The case of *Sayers* v. *School District No. 1 Fractional* (1962), 366 Mich 217, is authority for the proposition that a school district is an agency of the State and as such, is clothed with sovereign immun-

---

[1] See GCR 1963, 116.
[2] See GCR 1963, 117.

ity." *Williams* v. *Primary School District No. 3, Green Township* (1966), 3 Mich App 468, 472.

The school district has power to enter into an agreement for the creation of a recreation commission.

"Any city, village, county, township or school district may operate such a system independently or they may cooperate in its conduct in any manner in which they may mutually agree; or they may delegate the operation of the system to a recreation board created by any or all of them, and appropriate money, voted for this purpose, to such board." CL 1948, § 123.53 (Stat Ann 1958 Rev § 5.2423).

The school board was, in the pursuance of statutory authority, pursuing a governmental function, to cocreate a recreation commission which was to provide recreation and playground facilities. Present is sovereign immunity in the school board even though the playground was operated by a recreation commission.

The right to make a defendant of the city of Melvindale is conditioned upon proper notice. Proper notice in this case is a condition precedent to suit. It is claimed that the notice given was faulty in two respects, contents and service. The contents of notice should be such as would place the city in a position to make reasonable inquiry. Service of the notice was directed to the city attorney, who was not the proper party to receive it. The ordinance names the mayor, members of the common council, or the city clerk as proper recipients of such notice. This was a condition precedent, not fact. The reasons stated are in themselves sufficient to sustain the judgment of the lower court.

Affirmed, with costs to defendants.

LESINSKI, C. J., and FITZGERALD, J., concurred.