MEREDITH *v.* CITY OF MELVINDALE.

1. MUNICIPAL CORPORATIONS—NEGLIGENCE—NOTICE—PURPOSE.
   The purpose of charter provisions requiring that a municipal
   corporation be given notice of claims for damages is to furnish
   the municipal authorities with prompt notice of the existence
   of such claims and advise them of the time, place, nature,
   and result of the alleged accident and to direct them to wit-
   nesses to the accident in order that an investigation may be
   conveniently made.

2. SAME—NEGLIGENCE—NOTICE REQUIREMENTS—LIBERAL CONSTRUC-
   TION.
   Provisions in charters of municipal corporations requiring notice
   of claims for damages against the municipality should be
   liberally construed so long as they are designed to facilitate
   investigation by the municipality and are not misleading.

3. SAME—NEGLIGENCE—NOTICE REQUIREMENTS—LIBERAL CONSTRUC-
   TION—POLICY.
   The notice required to be given a municipal corporation of a
   claim for damages against the municipality is not a pleading
   and notice requirements should not receive so strict a con-
   struction as to make it difficult for the average citizen to draw
   a good notice.

4. SAME—NEGLIGENCE—NOTICE—SUBSTANTIAL COMPLIANCE.
   Substantial compliance with notice provisions of a statute or
   municipal charter regarding claims for damages is all that is
   required.

5. SAME—NEGLIGENCE—NOTICE—SUFFICIENCY.
   Letter by plaintiff parent of injured child to defendant's full-
   time city attorney, advising of the date, location, and nature

of the child's injuries and requesting an appointment to discuss the accident, constituted substantial compliance with city charter requiring notice of claim for damages, as did later letter by plaintiff's attorney explaining that the results of his as yet incomplete investigation of the accident would be made available to the city; thus, accelerated judgment for defendant based on insufficiency of notice was improper.

Appeal from Court of Appeals, Division 1, Lesinski, C. J., and McGregor and Fitzgerald, JJ., affirming Wayne, Weideman (Carl M.), J. Submitted February 4, 1969. (Calendar No. 1, Docket No. 52,033.) Decided March 3, 1969.

11 Mich App 208, reversed.

Complaint by Edward Meredith, individually and as next friend of Fred Meredith, a minor, or against the City of Melvindale, a municipal corporation, and the Melvindale-Northern Allen Park Public Schools of Wayne County, a municipal corporation, for injuries sustained by Fred Meredith due to negligence of defendants. Deefndants' motions for accelerated judgment and summary judgment granted. Plaintiff appealed to Court of Appeals. Affirmed. Plaintiff appeals. Reversed, and remanded for trial.

*David H. Fried* (*Norman Zemke*, of counsel), for plaintiff.

*Cary, BeGole, Martin, Bohall & Joselyn*, for defendants.

T. M. KAVANAGH, J. Plaintiff, individually and as next friend of his minor son, Fred Meredith, filed an action on May 17, 1966, in the Wayne circuit court against the city of Melvindale, a municipal corporation, and Melvindale-Northern Allen Park Public Schools, a municipal corporation, jointly and severally. Plaintiff sought to recover damages for

injuries allegedly sustained by his minor son in an accident occurring while he was participating in a recreational activity.

Defendant city of Melvindale served notice of an affirmative defense alleging plaintiff's claim was barred due to failure to give defendant notice within 60 days, as required by defendant's charter.

Defendant city moved for a summary judgment under GCR 1963, 117, for the reason that plaintiff had failed to state a claim upon which relief could be granted, in that this claim against a municipality operating a recreational area under an agreement with a school district is barred under the sovereign immunity granted to an agency of the State. Defendant city moved, in the alternative, for an accelerated judgment under GCR 1963, 116.1(5), on the ground that *the plaintiff failed to give the 60-day notice required in the charter of the city of Melvindale, as set forth in defendant's affirmative defense.* Defendant attached an affidavit of its city clerk, setting forth the contents of defendant's defense and attesting that no notice was served on her as city clerk, nor on the mayor, nor on any member of the city council, as required by the city charter.

The circuit court entered an order granting defendant's motion for summary judgment. This order was pursuant to a written opinion filed by the trial court, in which it held that "the notice was defective and not properly served in that it was not served on the city clerk or the mayor or any member of the common council as required." The opinion also held that the court could not go along with the theory of the plaintiff and believed that the defendants were engaged in a governmental function and were exempt from liability.

Plaintiff filed a claim of appeal, and the Court of Appeals sustained the judgment of the lower court.

11 Mich App 208. This Court denied leave as to defendant school district, but granted leave to appeal as to defendant city of Melvindale, limited however to the sufficiency of the notice of claim. 381 Mich 758.

The facts necessary to an understanding of the case are as follows: Plaintiff's minor son was participating in recreational activities on June 23, 1964, in an area operated, maintained, and controlled by defendant. The boy had climbed a stepladder to recover a ball that had landed on the roof of a school. He fell off the ladder sustaining injuries. The city of Melvindale and Melvindale-Northern Allen Park Public Schools had joined together to form a commission which operated the recreational program. Plaintiff alleged that defendants owed the plaintiff certain duties, that the defendants violated those duties, and that the violation consisted of the following acts of carelessness, recklessness, wrongdoing, and negligence on the part of the defendants:

"A. In failing to provide adequate supervisory personnel.

"B. In allowing plaintiff's ward to climb a stepladder.

"C. In not maintaining sufficient supervisory personnel at defendants' play area.

"D. In not supplying proper equipment at its play area.

"E. In failing to properly supervise children at its play area and specifically plaintiff's ward.

"F. In allowing plaintiff's ward to fall from a stepladder."

On July 18, 1964, plaintiff sent a registered letter to the city attorney for defendant, who was a full-time employee and maintained his office in defendant's city hall. The letter read:

"July 18, 1964

"Mr. Oscar Park
City Attorney
Melvindale, Mich.

*"Dear Sir:*

"I am writing in reference to an accident that occurred to my son Fred Meredith at the Palmer School playground on June 23.

"My son was participating in the supervised program, and at the time of the accident the supervisor was not on the school premises. We feel if he were on the job the accident would not have happened.

"From this accident my son has lost the sight of one eye. He spent 5 days in the hospital with a concussion of the brain and a fracture of one arm, plus the eye. Due to the fact that we had no hospitalization and had to call in several specialists for the arm and the eye, the expense incurred from this accident is far beyond our means of paying. We would like to have an appointment with you concerning this accident.

"You may contact us by phoning WA–8–2904. We have tried to contact you this past week but received no response.

"Mr. EDWARD MEREDITH
2791 Grace
Melvindale"

Eleven months later, but also 11 months before filing suit, plaintiff's attorney gave defendant city notice of the injury. This letter of notice was dated June 3, 1965, and read:

"June 3, 1965

"City of Melvindale
3100 Oakwood Boulevard
Melvindale, Michigan

"Re: Fred Meredith.

*"Gentlemen:*

"Please be advised that I represent Edward Meredith, father of Fred Meredith, a minor, who was

seriously, painfully and permanently injured as a result of an accident that occurred in the school yard of the Palmer School, Melvindale, Michigan, on June 23, 1964.

"At this time, it is impossible to say precisely what injuries Fred Meredith sustained, other than to say that he lost vision in his right eye as a result of this accident.

"Moreover, it is impossible to state all of the witnesses to the accident, other than Jim Arnett.

"After my investigation is completed, upon written request, I will gladly supply you with a list of all known witnesses to the accident that my investigation unturns. Furthermore, I will be most happy to supply you with all medical information that I have in my possession at that time.

"This is further to advise, that Edward Meredith, as father of Fred Meredith, has entered into a contract with the writer and I am claiming a lien on any and all sums of money to be paid to or on behalf of Edward Meredith or Fred Meredith.

"Very truly yours,<br>"David H. Fried"

"DHF/amh"

Plaintiff alleges in his complaint that proper notice was given to the defendants regarding plaintiff's ward's accident and injuries.

Defendant city, in its motion for accelerated judgment in the trial court, relied solely on the ground that the plaintiff failed to give the 60-day notice required in the city charter as set forth in defendant's affirmative defense. It is to be noted that the motion for accelerated judgment did not contain a ground seeking dismissal for failure to serve a proper party, although the motion was supported by an affidavit of the city clerk to the effect the notice was served upon the city attorney rather than on the mayor, the city clerk, or a member of the council.

The trial court, in its opinion granting the accelerated judgment, held:

"The defendant city of Melvindale further raises an affirmative defense that the 60-day notice required by the charter of the city of Melvindale was not properly served upon the said city. To this the court agrees and holds that the notice was defective and not properly served in that it was not served on the city clerk or the mayor or any member of the common council as required."

In the Court of Appeals the defendant city argued for the first time the insufficiency of the notices filed. This was a question not passed on by the trial court. It was passed on by the Court of Appeals.

In the Supreme Court the defendant city, in its brief and at oral arguments, abandoned its position relied on in the trial court as to the failure to serve within the 60 days and its position as to the failure to serve on a proper party.* Consequently, neither of such contentions is passed upon in this opinion. The sole position of the city is simply that neither of the notices relied upon by plaintiff, standing alone or taken together, complies with the city charter provision that the notice shall specify the location

---

* Defendant-appellee's brief, p 3, reads in part:

"We feel it advisable at the outset to separate that for which we are contending from that which is not in issue. Both the opinion of the trial court and the opinion of the Court of Appeals place some emphasis on the fact that the notice served in this case was served upon the city attorney and not upon the mayor, the city clerk or a member of the common council.

"It is not the thrust of the appellee city of Melvindale's argument that service was made upon the wrong party. Indeed, on oral argument in the Court of Appeals we stated that if this were the only defect in notice we would be compelled to concede substantial compliance.

"By the same token this is not a case in which the city of Melvindale claims that either of the notices relied upon by the appellant are invalid by virtue of the failure to serve them within 60 days of the accident. We recognize that it has been firmly established that the 60-day provision contravenes the general statute of limitations, and, therefore, may not be sustained. *Northrup* v. *City of Jackson* (1935), 273 Mich 29."

and nature of the defect, the injury sustained, the names of witnesses and facts concerning the happening of the accident.

Plaintiff's position is that there was a substantial compliance with the notice provision of the charter.

This Court has defined the purposes of such a charter provision. In *Pearll* v. *City of Bay City* (1913), 174 Mich 643, our Court said (p 647):

"The purpose of the charter provision is to furnish the municipal authorities promptly with notice that a claim for damages is made, and advise them of the time, place, nature, and result of the alleged accident, and a sufficient statement of the main facts, together with names of witnesses, *to direct them to the sources of information that they conveniently may make an investigation.*" (Emphasis added.)

Our courts are inclined to favor a liberal construction of notice requirements so long as they tend in that direction and are not misleading. See *Ridgeway* v. *City of Escanaba* (1908), 154 Mich 68. See, also, Chief Justice DETHMERS' opinion in *Penix* v. *City of St. Johns* (1958), 354 Mich 259.

This judicial policy favoring a liberal construction is based on the theory that the inexpert layman with a valid claim should not be penalized for some technical defect. See *Brown* v. *City of Owosso* (1901), 126 Mich 91, where our Court said (pp 94, 95):

"This notice is not a pleading, and we are of the opinion that the requirement should not receive so strict a construction as to make it difficult for the average citizen to draw a good notice, *especially in view of the evident intention that a substantial statement should be sufficient,* and the serious consequences of reliance upon a defective notice until after the expiration of the 60-day period." (Emphasis added.)

This Court is committed to the rule requiring only substantial compliance with the notice provisions of a statute or charter. See *Swanson* v. *City of Marquette* (1959), 357 Mich 424; *Pearll* v. *City of Bay City, supra; Ridgeway* v. *City of Escanaba, supra;* and *Penix* v. *City of St. Johns, supra.*

We now examine the two notices sent to the defendant city to determine whether either or both meet the above test of substantial compliance.

The first notice given by the plaintiff on July 18, 1964, advised the city attorney that plaintiff's son, Fred Meredith, was in an accident that occurred at the Palmer School playground on June 23, 1964; that he was participating in a supervised program; that at the time of the accident the supervisor was not on the school premises; and that the father felt if the supervisor had been on the job the accident would not have happened. The notice further advised that because of the accident, his son had lost the sight of one eye and spent five days in a hospital suffering from a concussion of the brain and a fracture of one arm, plus the eye; that it was necessary to call in several specialists for the arm and the eye, and because the father had no hospitalization insurance, the expense incurred due to the accident was far beyond his means of paying. Plaintiff sought an appointment with the city attorney concerning the accident and gave the city attorney his phone number. He indicated he had tried to contact the city attorney but received no response.

Certainly, the receipt of such a notice—stating the day, the place, the activity, and the serious injuries to the minor boy; reciting that the father had unsuccessfully attempted to contact the city attorney; giving the father's phone number where he could be contacted; and asserting that the father had suffered great financial expense—should have alerted the city attorney and his employer, the city

of Melvindale, that an accident had occurred which should be investigated. This alone, in the judgment of this Court, would be sufficient to constitute substantial compliance with the charter.

The second notice, written by plaintiff's attorney, advised the city of Melvindale, itself, that Fred Meredith, a minor, was seriously, painfully and permanently injured as a result of an accident that occurred in the schoolyard of the Palmer School on June 23, 1964. Plaintiff's attorney indicated to the defendant city that it was impossible to say precisely what injuries the boy had sustained other than that he had lost the vision in his right eye as a result of the accident. The letter also advised it was impossible to state all the witnesses to the accident, other than Jim Arnett. The attorney also stated that after his investigation was completed, upon written request, he would gladly supply the city with a list of all known witnesses to the accident together with all medical information in his possession.

In the opinion of this Court the two notices, taken together or considered individually, constitute substantial compliance with the charter requirement of notice to defendant city.

The judgment of the Court of Appeals as to the sufficiency of the notice is reversed.

The trial court's order granting the accelerated judgment is reversed and vacated.

The cause is remanded to the trial court for trial of all issues pleaded except the issue of the sufficiency of the notice, but including the question of the immunity of the city of Melvindale.

Plaintiff shall have costs.

T. E. BRENNAN, C. J., and DETHMERS, KELLY, BLACK, ADAMS, and T. G. KAVANAGH, JJ., concurred.