HUSSEY *v.* CITY OF MUSKEGON HEIGHTS

1. Negligence—Municipal Corporations—Defective Highways—Notice of Claim—Purpose.

    The purpose of the statute requiring that an injured party give notice to the responsible city for an injury sustained due to a defect in a city highway is to provide the governmental agency with an opportunity to investigate the claim while the evidentiary trail is still fresh and to remedy the defect before other persons are injured (MCLA § 691.1404).

2. Negligence—Municipal Corporations—Defective Highways—Notice of Claim—Description of Defect—Sufficiency—Substantial Compliance.

    Plaintiff's timely notice to the city responsible that she suffered an injury due to a defect in the city's sidewalk in front of 2042 Park Street substantially complied with the statutory notice requirement concerning the nature of the defect, even though the city did not concede that it had no difficulty locating the defect, where the record indicates that the city located the defect without difficulty and there was no suggestion that after the accident another person was injured because of the defect (MCLA § 691.1404).

3. Negligence—Municipal Corporations—Defective Highways—Notice of Claim—Substantial Compliance.

    The notice of injury and defect required to be made as a condition precedent to an action against a city for an injury sustained because of a defect in the city's sidewalk will not be

References for Points in Headnotes

[1] 56 Am Jur 2d, Municipal Corporations §§ 680, 681.
[2] 56 Am Jur 2d, Municipal Corporations § 758.
[3] 56 Am Jur 2d, Municipal Corporations § 739 *et seq.*
[4] 56 Am Jur 2d, Municipal Corporations §§ 802, 803.
[5] 56 Am Jur 2d, Municipal Corporations § 729 *et seq.*
[6] 56 Am Jur 2d, Municipal Corporations §§ 768–771.
[7] 56 Am Jur 2d, Municipal Corporations §§ 693, 703.

regarded as insufficient because of a failure to comply literally with all the statutory criteria; substantial compliance will suffice (MCLA § 691.1404).

4. NEGLIGENCE—MUNICIPAL CORPORATIONS—DEFECTIVE HIGHWAYS—NOTICE OF CLAIM—DEFICIENCIES IN NOTICE—SHOWING OF PREJUDICE.

Deficiencies in a notice of injury and defect, required by statute to be given the responsible city for an injury sustained because of the city's defective highway, are not of jurisdictional import and an injured person may not be denied his day in court on that account absent a showing by the governmental agency that it has been prejudiced by the deficiency (MCLA § 691.1404).

5. NEGLIGENCE—MUNICIPAL CORPORATIONS—DEFECTIVE HIGHWAYS—NOTICE OF CLAIM—NAMES OF WITNESSES.

Plaintiff's failure to state the names of witnesses to her accident in the statutorily-required notice to the responsible city for an injury sustained due to the city's defective highway does not render the notice defective if the plaintiff was unaware of any witnesses; even a failure to state the names of witnesses of whom the plaintiff was aware would not necessarily cause the notice to be so defective as to require a dismissal of plaintiff's suit against the city (MCLA § 691.1404).

6. NEGLIGENCE—MUNICIPAL CORPORATIONS—DEFECTIVE HIGHWAYS—NOTICE OF CLAIM—NATURE OF INJURY.

Plaintiff's failure to state the nature of her injuries in her notice of injury and defect to the city which was responsible for the allegedly defective sidewalk which caused plaintiff's injury did not warrant dismissal of plaintiff's suit against the city where the deficiency was not shown to have been prejudicial to the city; the plaintiff's failure to state, as was stated in the complaint, that she had suffered serious ankle and knee injuries probably did not impede the city's investigation or defense.

7. NEGLIGENCE—MUNICIPAL CORPORATIONS—DEFECTIVE HIGHWAYS—NOTICE OF CLAIM—SERVICE OF NOTICE.

The failure to serve personally or by certified mail, as required by statute, the notice of claim against a city for an injury sustained due to the city's defective highway is inconsequential where the notice was timely received (MCLA § 691.1404).

Appeal from Muskegon, John H. Piercey, J. Submitted Division 3 May 6, 1971, at Grand Rapids. (Docket No. 9785.)   Decided October 1, 1971.

Complaint by Eddie and Agnes Hussey against the City of Muskegon for damages resulting from a defect in the city's sidewalk.  Summary judgment for defendant.  Plaintiffs appeal.  Reversed and remanded for trial.

*Edward C. Wilson,* for plaintiffs.

*Landman, Hathaway, Latimer, Clink & Robb* (by *Charles H. Rawlings*), for defendant.

Before: R. B. BURNS, P. J., and HOLBROOK and LEVIN, JJ.

LEVIN, J.  The plaintiffs, Eddie and Agnes Hussey, commenced this action against the defendant, City of Muskegon Heights, claiming that they were damaged when Agnes Hussey tripped after stepping into a hole approximately 10–1/2 inches by 7–1/2 inches in the sidewalk in front of a store in that city located at 2042 Peck Street, and that the city is liable under the 1964 governmental tort immunity act to compensate them for their damages because it had failed to maintain the sidewalk "in reasonable repair so that it is reasonably safe and convenient for public travel".[1]

The circuit judge granted the city a summary judgment, dismissing the Husseys' action on the ground that the notice of injury and defect which they gave the city following the accident was not sufficiently specific and, therefore, did not comply with the statutory requirement, *viz.:*

---

[1] MCLA § 691.1402 (Stat Ann 1969 Rev § 3.996[102]).

"As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 60 days from the time the injury occurred, shall serve a verified notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant." MCLA § 691.1404 (Stat Ann 1969 Rev § 3.996[104]).[2]

Agnes Hussey tripped and fell on September 23, 1966. Twenty-five days later, on October 18, 1966, the Husseys' attorney sent the following letter:

"Clerk of City Commission
City of Muskegon Heights
City Hall
Muskegon Heights, Michigan
    "Re: Agnes Hussey
"Dear Sir:
    "Mrs. Agnes Hussey has contacted me in regard to a fall with resulting injuries she sustained on September 23, 1966, on Peck Street at Johnson Drugstore and Vi & Herm's Cafe, 2042 Peck Street.
    "It is merely my intention to notify you of a possible claim at this time; my information is that there appeared to be a defect in the sidewalk at this location."

The following day, October 19, 1966, the city manager sent the letter received from the Husseys to the city's liability insurer. One of the insurer's adjusters conducted an investigation, and submitted a report on April 27, 1967.

The principal purpose sought to be served by requiring notice is to provide the governmental agency

_____

[2] The term highway is defined in the act as including "sidewalks" on any highway. See MCLA § 691.1401 (Stat Ann 1969 Rev § 3.996 [101]).

with an opportunity to investigate the claim while the evidentiary trial is still fresh and, additionally, to remedy the defect before other persons are injured.[3] (There is no suggestion that after the accident another person was injured by the claimed defect, let alone that any failure of the city to correct any defect was attributable to an insufficiency in the notice from the Husseys. And even if another person had been injured by a defect which the city on a more explicit notice from the Husseys might have corrected, it would not necessarily follow that the appropriate remedy would be to dismiss the Husseys' complaint.)

In this case the defendant City of Muskegon Heights learned within 26 days of the accident that Agnes Hussey claimed she was caused to trip and fall by reason of a defect in the sidewalk in front of 2042 Peck Street.

The Husseys' description of the defect as a "defect in the sidewalk" in front of 2042 Peck Street is adequate. In *Jones* v. *City of Ypsilanti* (1970), 26 Mich App 574, 583, 584, we held that a notice based on a "defective sidewalk immediately east of 5 West Michigan Avenue which is located on the south side of Michigan Avenue" was sufficient.[4] While in *Jones* the defendant city admitted it had experienced no difficulty in locating the defect and there is no such concession on the record in this case, neither has it been shown that defendant City of Muskegon Heights experienced any difficulty in locating the defect. It affirmatively appears from the report

---

[3] See *Pearll* v. *City of Bay City* (1913), 174 Mich 643, 647. See also *Barribeau* v. *City of Detroit* (1907), 147 Mich 119, 125.

[4] In *Meredith* v. *City of Melvindale* (1969), 381 Mich 572, the nature of the "defect" was not spelled out with particularity.

In *Rule* v. *City of Bay City* (1968), 12 Mich App 503, 507, we upheld a notice imprecise as to the location of the defect.

dated April 27, 1967, prepared by the insurance adjuster, that the claimed defect was located without difficulty.

In *Meredith* v. *City of Melvindale* (1969), 381 Mich 572, the Michigan Supreme Court ruled that the notices of injury and defect given in that case substantially complied with Melvindale's charter requiring that the "notice shall specify the location and the nature of the defect, the injury sustained, the names of the witnesses and the facts concerning the happening of the accident complained of".[5]

In *Meredith,* the first (and only timely) notice stated the date, place, and the nature of the injured person's *activity* and injury. It did not state the names of any witnesses.[6] The Supreme Court ruled that the first notice "should have alerted the city attorney and his employer, the City of Melvindale, that an accident had occurred which should be investigated. This *alone,* in the judgment of this Court, would be sufficient to constitute substantial compliance with the charter." (Emphasis supplied.) *Meredith, supra,* 580, 581.

*Meredith* and subsequent decisions of our Court make clear that a notice of injury and defect will not be regarded as insufficient because of a failure to comply literally with all the stated criteria. Substantial compliance will suffice.

In *Republic Franklin Insurance Company* v. *City of Walker* (1969), 17 Mich App 92, we held that there had been substantial compliance with a notice requirement where the notice stated the date of an

---

[5] The text of the ordinance is not set forth in the Supreme Court's opinion, but may be found in the opinion of our Court. See *Meredith* v. *City of Melvindale* (1968), 11 Mich App 208, 210, 211.

[6] A second notice, given after the 60-day period allowed for giving notice had expired, advised that "it was impossible to state all the witnesses to the accident, other than Jim Arnett".

automobile collision between the plaintiff and one of the defendant's police cruisers even though the notice did not state the place where the collision occurred.[7]

In *Kustasz* v. *City of Detroit* (1970), 28 Mich App 312, we held that the failure to verify a notice of claim was not a fatal defect in a case where the notice was specific as to the time, place, nature, and result of the accident. Similarly see *Reynolds* v. *Clare County Road Commission* (1971), 34 Mich App 460.

We are satisfied that, as the law now stands, deficiencies in a notice of injury and defect are not of jurisdictional import, and an injured person may not be denied his day in court on that account absent a showing by the governmental agency that it has been thereby prejudiced.[8]

While names of witnesses were not stated in the notice given by the Husseys to the City of Muskegon Heights, their notice would not be defective on that account if they were unaware of any witnesses.[9] And even if they failed to mention the name of a witness of whom they were aware, that failure

---

[7] The notice stated the name of the officer operating the cruiser at the time of the accident. We observed that "doubtless few of the defendant city's police cruisers were involved in collisions in the month of May 1965, and it is most unlikely that more than one was involved in a collision on May 24, 1965". *Republic Franklin Insurance Company* v. *City of Walker* (1968), 17 Mich App 92, 100.

[8] Compare *Stacey* v. *Sankovich* (1969), 19 Mich App 688, where we held that there had been adequate compliance with the notice requirement of the motor vehicle accident claims fund act even though the plaintiff had not, as required by section 18 of the act (MCLA § 257.1118 [Stat Ann 1968 Rev § 9.2818]), given notice in full conformity with the statute. We declared: "The notice requirement was not intended to be jurisdictional". *Stacey* has been followed and applied in subsequent decisions of our Court, see *Curtis* v. *Biermacher* (1971), 30 Mich App 503; *Mullas* v. *Secretary of State* (1971), 32 Mich App 693.

[9] See *Bates* v. *City of Detroit* (1928), 242 Mich 651, 655; *Rule* v. *City of Bay City, supra*, 506, 507.

would not necessarily justify dismissal of their complaint. See *Meredith* v. *City of Melvindale, supra,* and discussion in fn 6.

Likewise, although the notice given by the Husseys did not state the nature of Agnes Hussey's injuries, we doubt whether the city would have been substantially aided in its investigation or defense if the notice had stated, as does the complaint, that she suffered "serious and permanent injuries to her right ankle and both knees".[10] This deficiency in the notice has not been shown to be prejudicial.

The statute further provides that "the notice may be served upon any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed against the governmental agency".[11] The failure to serve the notice personally or by certified mail is inconsequential where, as here, the notice was timely received. See *Meredith* v. *City of Melvindale, supra.*

Pertinent to our disposition is the following recent statement by the Michigan Supreme Court:

"Even if we assume the above original policy considerations were once valid, today they have lost their validity and cease to exist due to changed circumstances. In recent years most governmental units and agencies have purchased liability insurance as authorized by statute. MCLA § 691.1409 (Stat Ann 1969 Rev § 3.996[109]). In addition to insurance investigators, they have police departments and full-time attorneys at their disposal to promptly investigate the causes and effects of accidents occurring on streets and highways. As a result these units and agencies are better prepared to investigate and defend negligence suits than are

---

[10] See *Rule* v. *City of Bay City, supra,* 507.
[11] MCLA § 691.1404 (Stat Ann 1969 Rev § 3.996[104]); MCLA § 600.1925 (Stat Ann 1962 Rev § 27A.1925).

most private tort-feasors to whom no special notice privileges have been granted by the legislature." *Grubaugh* v. *City of St. Johns* (1970), 384 Mich 165, 176.

Alternatively, the defendant city contends that the Husseys' complaint fails to state a cause of action. This contention is raised for the first time on appeal and therefore need not be considered. Even if, and on this we intimate no opinion, the contention is well founded, to affirm the judgment of the trial court dismissing the Husseys' complaint on that ground would be to deprive them of an opportunity to amend their complaint, an opportunity which, under the court rule, is to "be freely given when justice so requires".[12]

Reversed and remanded for trial. Costs to the plaintiffs.

All concurred.

---

[12] GCR 1963, 118.1.