HORNER'S TRUCKING SERVICE, INC v STATE HIGHWAY
DEPARTMENT

Opinion of the Court

1. Highways—Statutes—Defective Highways—Notice—Constitu-
tional Law—Equal Protection

A statute which conditions an injured person's recovery for
injuries sustained by reason of a defective highway upon giving
notice to the responsible governmental agency within 120 days
of the occurrence of the injury is void because it arbitrarily
separates the victims of private tortfeasors from those of gov-
ernmental tortfeasors (MCLA 691.1404).

2. Statutes—Claim Against State—Court of Claims Act—Notice
Requirement—Failure to Comply—State Highway Depart-
ment—Highway Defect.

Dismissal of an action against a state agency because of the
plaintiff's failure to comply with a statutory one-year notice
requirement of the Court of Claims Act is justified only upon a
showing of prejudice to the agency; therefore, the grant of a
motion for accelerated judgment in favor of the State Highway
Department, where the plaintiff alleged a highway defect as the
cause of an accident but did not file a written notice of the
accident with the Court of Claims until 23 months after the
accident, was error where no prejudice to the Highway Depart-
ment was shown (MCLA 600.6431[1]).

3. Statutes—Claim Against State—Court of Claims Act—Notice
Requirement—Jurisdiction.

A statutory requirement that a party who seeks to bring a claim
against the state must file a notice of claim, or of intent to
claim, with the Court of Claims within one year after accrual of
the claim is not jurisdictional (MCLA 600.6431[1]).

Concurrence by O'Hara, J.

4. Constitutional Law—Statutes—Claim Against State—Notice
Requirement—Equal Protection.

*Any time limitation on an injured person's ability to bring an*

Reference for Points in Headnotes

[1–4] 40 Am Jur 2d, Highways, Streets, and Bridges §§ 595, 579.

*action against the state by reason of a notice required to be filed by such a tort claimant, where no such notice is required of victims of private negligence, is violative of the equal protection clauses of the state and Federal constitutions and is therefore infirm (US Const, Am XIV; Const 1963, art 1, § 2).*

Appeal from Court of Claims, Kenneth G. Prettie, J. Submitted June 10, 1975, at Lansing. (Docket No. 21022.) Decided September 23, 1975. Leave to appeal applied for.

Complaint by Horner's Trucking Service, Inc. against the Michigan State Highway Department for property damage and contribution contingent upon plaintiff's liability to the operator of another vehicle because of a motor vehicle accident caused by a highway defect. Accelerated judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Sommers, Schwartz, Silver, Schwartz, Tyler & Gordon, P. C.* (by *Donald J. Morbach),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *Myron A. McMillan,* Assistants Attorney General, for defendant.

Before: Allen, P. J., and D. F. Walsh and O'Hara,* JJ.

Allen, P. J., On November 17, 1971 a truck owned by plaintiff was involved in an accident with another motor vehicle on a state highway. Plaintiff filed written notice of the accident, allegedly due to a highway defect, with the Court of Claims on October 25, 1973. Plaintiff commenced

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

suit against the State Highway Department on November 9, 1973, seeking recovery of property damage as well as contribution, the latter being contingent upon plaintiff's liability to the operator of the other vehicle.

This appeal stems from the grant of the State Highway Department's motion for accelerated judgment for failure to file a claim, or intent to so file, within one year, MCLA 600.6431(1); MSA 27A.6431(1).

Plaintiff's appellate theories are essentially threefold: 1) the 120-day notice provision of the sovereign immunity statute[1] is applicable, but void under *Hobbs v State Highway Department,* 58 Mich App 189; 227 NW2d 286 (1975);[2] 2) the notice provision in the Court of Claims Act,[3] if applicable, is void under the rationale set forth in *Reich v State Highway Department,* 386 Mich 617; 194 NW2d 700 (1972); 3) even if the provision is not unconstitutional, plaintiff's claim should not have been dismissed absent a showing of prejudice. *Carver v McKernan,* 390 Mich 96; 211 NW2d 24 (1973).

Counsel for the State Highway Department submits that the one-year requirement contained in the Court of Claims Act applies to plaintiff, and is constitutional, *Carver v McKernan, supra.* He asserts that the *Carver quid pro quo* for dismissal of a claim upon failure to give notice, to wit, a showing of prejudice by the governmental agency, is inapposite to the jurisdictional requirements in the Court of Claims Act.[4] *Gilliland Construction Co*

---

[1] MCLA 691.1404; MSA 3.996(104).

[2] Also *see, Zimmer v State Highway Dept,* 60 Mich App 769; 231 NW2d 519 (1975), *Kerkstra v State Highway Dept,* 60 Mich App 761; 231 NW2d 521 (1975).

[3] MCLA 600.6431(1); MSA 27A.6431(1).

[4] MCLA 691.1402; MSA 3.996(102).

*v State Highway Department,* 4 Mich App 618; 145 NW2d 384 (1966).

We think plaintiff's initial proposition is correct. However, being correct on the first assertion does not entitle plaintiff to prevail unless plaintiff also succeeds on either assertions two or three. To these, we now turn our attention.

Plaintiff's second contention is unconvincing in light of *Hanger v State Highway Dept,* 64 Mich App 572; 236 NW2d 148 (1975), wherein this panel rejects a similar constitutional challenge to the six-month notice requirement in the Court of Claims Act:

"We note, at the outset, that the Supreme Court in *Reich* did not purport to nullify the notice provisions of the Court of Claims Act, * * * . Therefore, we are not duty-bound by it. Since this Court is of the opinion that *Reich* is bottomed upon the false premise that the Legislature intended to place public and private tortfeasors on an equal plane, and no longer reflects the existing state of jurisprudential law as espoused by our Supreme Court, we decline to extend its *ratio decidendi* to invalidate § 6431(3).

* * *

"It has been recognized that 'The principal purpose sought to be served by requiring notice is to provide the governmental agency with an opportunity to investigate the claim while the evidentiary trail is still fresh and, additionally, to remedy the defect before other persons are injured'. *Hussey v Muskegon Heights,* 36 Mich App 264, 267–268; 193 NW2d 421 (1971), (footnote omitted). Since we perceive these objectives as involving legitimate governmental interests, and because § 6431(3) applies to all persons similarly situated, we are obliged to sustain that provision as against plaintiff's constitutional challenge." 64 Mich App at 580–582. (Footnote omitted.)

The reasons given for upholding the constitutionality of the six-month notice requirement in *Hanger,*

*a fortiori,* apply to the one-year notice requirement.

*Hanger* represents a realization of plaintiff's final argument that the standard adopted by our Supreme Court in *Carver v McKernan, supra,* must be followed in cases which involve § 6431 of the Court of Claims Act. Only a showing of prejudice by the concerned governmental agency will justify dismissal where a claimant has failed to comply with § 6431(1).

The State Highway Department's position that § 6431(1) is jurisdictional would merit consideration but for the Supreme Court decision in *Navarra v Board of Regents of the University of Michigan,* 393 Mich 773 (1974). Section 6431(1) reads that "[n]o claim may be maintained against the state" if the claimant fails to file a claim, or intent to file a claim, within one year after accrual. The view that § 6431(1) is jurisdictional is fortified by the dictum of judge (now Chief Justice) KAVANAGH in *Gilliland Construction Co v State Highway Department,* 4 Mich App 618, 621; 145 NW2d 384 (1966).[5] However, the *Navarra* Court applied the *Carver* standard to a construction contract claim dismissed in the Court of Claims for failure to comply with § 6431(1). Thus, this Court has no choice but to apply the *Carver* standard to a claim involving tortious conduct. The State Highway Department's argument is better directed to the Supreme Court.

Reversed and remanded for proceedings not inconsistent with this opinion. No costs, a public question.

D. F. WALSH, J., concurred.

[5] But *see Hussey v Muskegon Heights,* 36 Mich App 264, 270; 193 NW2d 421 (1971).

O'Hara, J. *(concurring in result).* For the reasons set forth in my separate concurrence in result in *Hanger v State Highway Department,* 64 Mich App 572; 236 NW2d 148 (1975), I vote to vacate the order granting accelerated judgment in favor of defendant sovereignty and to remand the cause to the Court of Claims.