ARNOLD v DEPARTMENT OF TRANSPORTATION

Docket No. 205165. Submitted April 14, 1999, at Lansing. Decided April 23, 1999, at 9:10 A.M.

Carl A. Arnold brought an action in the Court of Claims against the Department of Transportation, seeking damages for injuries sustained in an automobile accident and alleging that the highway exception to governmental immunity applied to the action. The Court of Claims, James R. Giddings, J., granted the defendant's motion for summary disposition on the basis that the Court of Claims lacked subject-matter jurisdiction because the plaintiff failed to file a verified complaint as required by MCL 600.6434(2); MSA 27A.6434(2). The Court of Claims denied the plaintiff's motion to amend his complaint on the basis that the court did not have jurisdiction to grant the motion. The plaintiff appealed.

The Court of Appeals *held*:

The verification requirements of subsection 6434(2) and MCL 600.6431(1); MSA 27A.6431(1) are nonjurisdictional. The Court of Claims erred in concluding that it did not have jurisdiction because of the plaintiff's failure to verify his complaint and in denying the motion to amend the complaint without considering the merits of the motion.

Reversed and remanded.

PLEADING — COURT OF CLAIMS — VERIFICATION REQUIREMENTS — JURISDICTION.
The verification requirements of MCL 600.6431(1); MSA 27A.6431(1) and MCL 600.6434(2); MSA 27A.6434(2) are nonjurisdictional.

*McIntosh, McColl, Carson, McNamee, Strickler & Rickel* (by *John C. McColl*), for the plaintiff.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Harold J. Martin*, Assistant Attorney General, for the defendant.

Before: FITZGERALD, P.J., and DOCTOROFF and WHITE, JJ.

Fitzgerald, P.J. Plaintiff appeals as of right the order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(4) and the order denying his motion to amend his complaint in this negligence action against the Department of Transportation. We reverse and remand.

Plaintiff filed this action against the Department of Transportation in the Court of Claims under the defective highway exception to governmental immunity.[1] The Court of Claims dismissed the action on the ground that the court lacked subject-matter jurisdiction because plaintiff failed to file a verified complaint as required by MCL 600.6434(2); MSA 27A.6434(2). The court also determined that because it lacked subject-matter jurisdiction, it did not have jurisdiction to grant plaintiff's motion to amend his complaint that was brought pursuant to MCR 2.118(A)(2).

Plaintiff argues that the Court of Claims erred in holding that it did not have jurisdiction to permit plaintiff to amend his complaint. The pivotal issue presented is whether a verified complaint is a prerequisite to the Court of Claims' exercise of jurisdiction pursuant to § 6434 of the Court of Claims Act, MCL 600.6434; MSA 27A.6434. That section provides in part:

> (1) Except as provided in this section, the pleadings shall conform to the rules for pleadings in the circuit courts.
>
> (2) The complaint shall be verified. The pleadings of the state need not be verified.

---

[1]   MCL 691.1402; MSA 3.996(102).

An analogous provision, MCL 600.6431(1); MSA
27A.6431(1), details the requirements, including verifi-
cation, that govern the notice of intention to file a
claim under the act. It provides:

> No claim may be maintained against the state unless the
> claimant, within 1 year after such claim has accrued, files
> . . . either a written claim or a written notice of intention
> to file a claim against the state . . . stating the time when
> and the place where such claim arose and in detail the
> nature of the same and of the items of damage alleged or
> claimed to have been sustained, which claim or notice shall
> be signed and verified by the claimant before an officer
> authorized to administer oaths.

Neither § 6431 nor § 6434 contains the word "juris-
diction," and a straightforward reading of these provi-
sions does not indicate an intent on the part of the
Legislature to make either section's requirements
jurisdictional. Plainly expressed statutory language is
presumed to be an expression of legislative intent,
*People v Venticinque*, 459 Mich 90, 99; 586 NW2d 732
(1998), and when the plain and ordinary meaning of
the language is clear, judicial construction is normally
neither necessary nor permitted. *Lorencz v Ford
Motor Co*, 439 Mich 370, 376; 483 NW2d 844 (1992).
Hence, we are satisfied that the failure to verify a
complaint is not of jurisdictional import.

Our decision is consistent with the many cases in
which this Court has found similar notice and verifi-
cation requirements to be nonjurisdictional. In *Hus-
sey v Muskegon Heights*, 36 Mich App 264; 193 NW2d
421 (1971), the Court addressed whether the notice
provisions of MCL 691.1404; MSA 3.996(104) were
jurisdictional. The Court held that

as the law now stands, *deficiencies in a notice of injury and defect are not of jurisdictional import,* and an injured person may not be denied his day in court on that account absent a showing by the governmental agency that it has been thereby prejudiced. [*Hussey, supra* at 270.]

In *In re Fair Estate,* 55 Mich App 35; 222 NW2d 22 (1974), the Court addressed whether a technical violation of the requirements of MCL 600.6431(1); MSA 27A.6431(1) would support a trial court's grant of an accelerated judgment for the defendant. Noting an earlier observation by this Court[2] that the requirement of verifying a complaint " ' "is a useless formality," ' " *Fair Estate, supra* at 41 (citation omitted), this Court commented regarding the unfairness of a rule that would "deprive plaintiff of his day in court for a mere noncompliance with a much-attacked technical aspect of the statute." *Id.* at 40. The Court held that

[i]n light of defendant's failure to demonstrate in what manner it was prejudiced by the unverified complaint, we hold . . . that plaintiff substantially complied with the notice requirements of MCLA 600.6431(1); MSA 27A.6431(1) and that the trial court erred in granting defendant's motion for accelerated judgment. [*Id.* at 41-42.]

See also *Lisee v Secretary of State,* 388 Mich 32; 199 NW2d 188 (1972) (notice requirement of the Motor Vehicle Accident Claims Act, MCL 257.1118; MSA 9.2818, is not jurisdictional).[3]

---

[2] *Davidson v Michigan,* 42 Mich App 80, 85; 201 NW2d 296 (1972).

[3] Statutes involving notice and verification requirements generally have been construed to require the defendant to show prejudice before a plaintiff's failure to comply with the statutory requirements may be used as a basis for dismissing the case. See, e.g., *Stoltman v Stoltman,* 170 Mich App 653, 657; 429 NW2d 220 (1988) (imperfect verification of a pleading

Defendant relies on *Gilliland Constr Co v State Hwy Dep't*, 4 Mich App 618; 145 NW2d 384 (1966), which involved a contract dispute between the plaintiff highway contractor and the State Highway Department. The state responded to the complaint with a motion to dismiss on the basis of a lack of subject-matter jurisdiction because

> the complaint did not comply with the statute (CLS 1961, § 600.6431 . . .) in that it: (1) failed to state the time when the claim arose, and (2) failed to state in detail the items of damage claimed to have been sustained. [*Gilliland, supra* at 620.]

The plaintiff filed an amended complaint, which the defendant again challenged on the basis of the "plaintiff's failure to state the items of damage in detail as required by the cited statute." *Id.* The plaintiff filed a second amended complaint, which the defendant again moved to dismiss on the ground that the second amended complaint was not verified as required by statute.[4] The Court of Claims denied the plaintiff's motion for leave to amend its second amended complaint so as to verify it. In reversing the decision of the Court of Claims, this Court held that the first amended verified complaint was sufficiently detailed to comport with the requirements of § 600.6431:

> A careful examination of the record and the pleadings found therein, convinces us that a valid claim meeting the

---

is not a jurisdictional defect and may be cured by amendment); *Hanger v State Hwy Dep't*, 64 Mich App 572, 583-584; 236 NW2d 148 (1975) (the defendant would need to show prejudice before the plaintiffs' claim would be dismissed for failure to give notice under MCL 600.6431(3); MSA 27A.6431(3).

[4] The defendant cited CLS 1961, § 600.6434, the predecessor of MCL 600.6434(2); MSA 27A.6434(2).

requirements of the statute, *which requirements are jurisdictional,* was filed and the complaint should not have been dismissed. [*Gilliland, supra* at 621 (emphasis added).]

This emphasized statement, on which defendant relies, was not essential to the determination of the *Gilliland* case and we decline to follow it.[5]

In sum, we conclude that the verification requirements of subsections 6431(1) and 6434(2) are nonjurisdictional. Consequently, the Court of Claims erred in concluding that the Court of Claims did not have subject-matter jurisdiction because of plaintiff's failure to verify his complaint and in denying plaintiff's motion to amend his complaint without consideration of the merits of the motion. Accordingly, we reverse the orders and remand this matter to the Court of Claims for reconsideration of plaintiff's motion.

Reversed and remanded. This Court does not retain jurisdiction.

---

[5] Further, *Gilliland* was decided before November 1, 1990, and is therefore not binding precedent. MCR 7.215(H)(1).