## JACKSON *v.* CITY OF DETROIT BOARD OF EDUCATION

1. NEGLIGENCE—GOVERNMENTAL AGENCY—NOTICE—STATUTE.

   Statutory requirement that plaintiffs give a verified notice of injury before bringing action against a governmental agency for injuries resulting from defendant's performance of a governmental function set forth conditions precedent to recovery in a civil action (CL 1948, § 691.1406, as added by PA 1964, No 170).

2. NEGLIGENCE — GOVERNMENTAL AGENCY — NOTICE — STATUTE — INFANCY.

   The infancy of a plaintiff is not an excuse for non-compliance with statutory requirement that verified notice be given before an action is brought against a governmental agency for injuries resulting from the performance by defendant of a governmental function (CL 1948, § 691.1406, as added by PA 1964, No 170).

3. NEGLIGENCE — GOVERNMENTAL AGENCY — NOTICE — STATUTE — COMPLIANCE.

   Substantial compliance with a statutory requirement that plaintiff give verified notice of his injury to a governmental agency as a precondition to bringing an action against that agency to recover for injuries resulting from performance by defendant of governmental function is sufficient, because the purpose of the requirement is to furnish the governmental authorities with notice that a claim is made and to advise them of the

REFERENCES FOR POINTS IN HEADNOTES

[1, 3]  38 Am Jur, Municipal Corporations §§ 673–704.
[2]   38 Am Jur, Municipal Corporations § 703.
[3]   38 Am Jur, Municipal Corporations §§ 675, 690, 692, 694–696.
[4]   38 Am Jur, Municipal Corporations §§ 690, 691, 700.
[5, 6]  38 Am Jur, Municipal Corporations § 691.

time, place, nature, and result of the alleged accident, and to direct them to sources of information which they may use in an investigation (CL 1948, § 691.1406, as added by PA 1964, No 170).

4. NEGLIGENCE—GOVERNMENTAL AGENCY—NOTICE—STATUTE.

Notice of injury required by statute to be given to a governmental agency before bringing an action against that agency for injuries resulting from its governmental activities may properly be given by filing and service of a complaint within the period prescribed by statute for giving notice if the complaint is properly verified (CL 1948, § 691.1406, as added by PA 1964, No 170).

5. NEGLIGENCE — GOVERNMENTAL AGENCY — NOTICE — VERIFICATION — STATUTE.

An attorney, functioning as representative, may verify a statutorily required notice of injury to a governmental agency where the injured party is a minor (CL 1948, § 691.1406, as added by PA 1964, No 170).

6. NEGLIGENCE — GOVERNMENTAL AGENCY — NOTICE — VERIFICATION — SIGNATURE OF ATTORNEY.

Signature of attorney on complaint by a minor against defendant board of education for injuries sustained by the minor at defendant's school *held*, to be the equivalent of verification required by statute; therefore the complaint can serve as the statutorily required notice of injury if it is served within the allotted time (CL 1948, § 691.1406, as added by PA 1964, No 170).

Appeal from Wayne, Neal Fitzgerald, J. Submitted Division 1 May 12, 1969, at Detroit. (Docket No. 4,808.) Decided June 25, 1969.

Complaint by Zelma Jackson, as next friend of James Jackson, a minor, and in her own behalf, against the City of Detroit Board of Education, a municipal corporation, to recover for injuries sustained by plaintiff James Jackson at defendant's school. Defendant's motion for accelerated judgment granted. Plaintiffs appeal. Reversed and remanded.

*Sheldon Wachler* and *Karl R. Bennett, Jr.,* for plaintiffs.

*Miller, Canfield, Paddock & Stone (Samuel J. McKim,* of counsel), for defendant.

Before: FITZGERALD, P. J., and LEVIN and T. M. BURNS, JJ.

T. M. BURNS, J. Plaintiff, individually and as next friend of her minor son, James Jackson, filed an action on June 21, 1967, in Wayne Circuit Court against the defendant, City of Detroit Board of Education. Plaintiff sought to recover damages for injuries allegedly sustained by her minor son in an accident at the Brady School, which is owned and operated by the defendant, when the infant, in response to an instruction or request of one of defendant's employees, attempted to close a door which was being held open by an allegedly defective door closing mechanism.

The plaintiff alleges in the complaint, a certified copy of which was duly served on the defendant along with the summons on or about June 23, 1967, that on May 4, 1967, the infant plaintiff had the second finger of his right hand cut off when it was caught in a door closing mechanism at the Brady School. The complaint contains a recitation of the alleged facts involved including the location and nature of the defect and the name of the only known witness, an employee of defendant.[1]

---

[1] "4. That the incident referred to occurred as follows: On May 4, 1967 the minor plaintiff was a student at the Brady School. The class had gone outside for sports activity under the supervision of a teacher, one Miss Hunter. Upon returning to the school building after the class was over, the outside door remained open and should have closed by itself. Miss Hunter instructed and/or requested the minor plaintiff to shut the door, which he attempted to do but could not, inasmuch as the door closer mechanism on the

Prior to the filing of this action, actually on May 5, 1967, the day after the injury was suffered, the plaintiff's attorney notified the defendant by letter of his representation of the plaintiff in all matters

---

top of the door was stuck. This had occurred several times at the Brady School, not only with this particular door but with many of the other doors of the Brady School which were similarly constructed. In the past when this occurred it was common practice for the students to jump to the top of the door and strike or hit the door closing mechanism to release it in order to free the door. The defendant, through its teachers and/or employees and/or maintenance crew knew of this practice of the students or should have known of this practice. As he had seen others do, the minor plaintiff, then 11 years of age, did attempt to close the door in the manner aforesaid. The said employee, Miss Hunter, observed the minor plaintiff jump and attempt to catch on to the top of the door so that he would be able to strike the door closer to free the door which was stuck.

"The first attempt of the minor plaintiff to close the door was unsuccessful in that he was unable to reach the top of the door with the first jump. The minor plaintiff again jumped and this time caught on to the top of the door and was able to strike the door closer; however, when he did so and the door was released, the mechanism caught the second finger of the minor plaintiff's right hand and cut it off, causing the loss of the entire finger. During the entire incident herein referred to the defendant, through its employees, teachers and/or maintenance crew knew or should have known of the minor plaintiff's conduct.

"5. That the negligence of the defendant consisted, inter alia, of the following:

"(a) Failure to maintain properly the door closing mechanisms in a proper state of repair especially since they knew or should have known that the manner in which the students, all of whom are young children, would close the doors.

"(b) For instructing the minor plaintiff to close the said door and for failing to stop him from engaging in a manner of conduct which the defendant knew or should have known was extremely dangerous.

"(c) For instructing and/or requiring a student to do that work which was actually a maintenance job and which was not properly the responsibility of a student.

"(d) For failure to supervise properly the activities of the minor plaintiff and to protect him from obvious dangers and for exposing him to obvious dangers.

"6. That as a proximate result of the aforementioned negligence of the defendant, the minor plaintiff sustained painful and permanent injuries and particularly the loss of the second finger on his right hand:

"(a) Pain and suffering, humiliation and embarrassment past and future.

"(b) Medical, surgical and hospital expenses, past and future.

"(c) Loss of earning capacity, past and future.

concerning the injuries sustained in the accident.[2]
The defendant's response to that letter was "The
Board of Education does not carry liability insur-
ance that would cover a matter such as this."[3]

On July 5, 1967, the defendant's attorneys filed a
notice of appearance and then on July 12, 1967, they
filed a motion for accelerated judgment pursuant to
GCR 1963, 116, urging that judgment be entered
dismissing the complaint for the reason that plain-
tiff had failed to give verified, timely notice pur-
suant to § 6 of PA 1964, No 170 (MCLA § 691.1406
[Stat Ann 1969 Cum Supp § 3.996 (106)]).[4]    The

"7.   That plaintiff, Zelma Jackson, as parent and guardian of the
said minor plaintiff, James A. Jackson, sustained damages in the
form of medical, hospital and surgical care, past and future."

2                              "May 5, 1967
"Detroit Board of Education
5057 Woodward Avenue
Detroit, Michigan
"Re:  James Jackson, a minor—Accident at Brady School on May 4,
      1967

"*Gentlemen:*
"I have been retained by Mrs. Zelma Jackson, mother of the above
named minor, relative to injuries sustained in the captioned accident.
"Kindly consider this letter notice that I claim an attorney's lien
on any settlement made in this matter.  Kindly contact me and/or
notify your insurance carrier of this matter.
"Please acknowledge this letter, in writing, within five days from
this date.
"Very truly yours,
"SHELDON WACHLER"

3 "LEGAL AFFAIRS
"Raymond Kurzon, Attorney
                               "May 17, 1967
"Mr. Sheldon Wachler
Attorney at Law
942 First National Building
Detroit, Michigan 48226
"Re:  James Jackson, Accident of 5/4/67
"*Dear Sir:*
"Your letter of May 5 in the above matter has been received.
"The Board of Education does not carry liability insurance that
would cover a matter such as this.
                          "Very truly yours,
                          "/s/ RAYMOND KURZON"

4 "Sec. 6.   Governmental agencies have the obligation to repair
and maintain public buildings under their control when open for

lower court granted the motion for accelerated judgment and dismissed plaintiff's complaint.

PA 1964, No 170, as the lower court correctly states in its very scholarly opinion, sets forth conditions precedent to recovery against an agency engaging in a governmental function. Failure to comply with the notice requirement set forth in the statute, therefore, would bar recovery.

The lower court found that the plaintiff failed to give the notice called for by the statute because in its view, as expressed in the opinion of the court, "that the action being statutory, strict compliance with its requirements is necessary, and the fact that the plaintiff is a minor does not excuse compliance." Although we agree with the lower court with regard to the infancy of plaintiff James Jackson not being an excuse for non-compliance, we disagree as to the strictness of compliance necessary in a notice situation such as this to preserve the right to recovery.

Initially, we would note that the trial court's opinion was given prior to the recent case of *Meredith* v. *City of Melvindale* (1969), 381 Mich 572, where the Supreme Court declared, as a matter of judicial

---

use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition. Knowledge of the dangerous and defective condition of the public building and time to repair the same shall be conclusively presumed when such defect existed so as to be readily apparent to an ordinarily observant person for a period of 90 days or longer before the injury took place. As a condition to any recovery for injuries sustained by reason of any dangerous or defective public building, the injured person, within 60 days from the time the injury occurred, shall serve a verified notice on the responsible governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant."

policy, a liberal construction of notice requirements. Although the Court in *Meredith* v. *City of Melvindale, supra,* was not concerned directly with the statute in question here, it said, p 580, "This Court is committed to the rule requiring only substantial compliance with the notice provisions of a statute or charter."

We consider the purpose of the notice provisions in PA 1964, No 170 to be the same as those found in *Meredith* v. *City of Melvindale* (1968), 11 Mich App 208, 210, 211 which the Supreme Court was considering in *Meredith* v. *City of Melvindale, supra,* p 579, where it said:

" 'The purpose of the charter provision is to furnish the municipal authorities promptly with notice that a claim for damages is made, and advise them of the time, place, nature, and result of the alleged accident, and a sufficient statement of the main facts, together with names and witnesses, to direct them to the sources of information that they may conveniently make an investigation.' [*Pearll* v. *City of Bay City* (1913), 174 Mich 643]."

The Supreme Court said in *Meredith, supra,* that it favored this liberal construction of notice requirements, "on the theory that the inexpert laymen with a valid claim should not be penalized for some technical defect." (p. 579.)   This Court has applied *Meredith, supra,* in the cases of *Republic Franklin Insurance Company* v. *City of Walker,* and *Moore* v. *City of Walker,* which were heard and decided together (1969), 17 Mich App 92.

The defendant concedes that the statutorily required notice may be given by filing and service of a complaint within the 60-day period prescribed by statute for giving notice but asserts that a complaint which is to serve as notice must be verified by the injured person.  We need not decide whether

PA 1964, No 170 requires the injured person himself to verify the notice because we are satisfied that if the injured person is, as in this case, a minor his representative may verify the notice for him and that an attorney at law may act as such representative.

The verification is a certification of truth. The court rule provides that an attorney who signs a complaint certifies that "to the best of his knowledge, information and belief there is good ground to support it." GCR 1963, 114.2. Having in mind that substantial compliance with the notice requirement is sufficient, we are persuaded that the attorney's certificate was the equivalent of verification.

We find that the complaint which was filed in this action, particularly when it is considered in conjunction with the attorney's letter, sent the day after the accident, constitute substantial compliance with the statutory requirement for verified notice. See also, *Brown* v. *City of Owosso* (1901), 126 Mich 91, 94, 95. Therefore, we reverse the circuit court and remand to that court for trial.

Reversed and remanded.

All concurred.