STACEY v. SANKOVICH

1. EVIDENCE—LETTERS—MAILING PRESUMPTION.
   The proper addressing and mailing of a letter creates a legal presumption that it was received which may be rebutted by evidence, but whether that presumption is rebutted is a question for the trier of fact.

REFERENCES FOR POINTS IN HEADNOTES
[1]  29 Am Jur 2d, Evidence § 194 et seq.
[2]  41 Am Jur, Pleading § 335 et seq.
[3]  29 Am Jur 2d, Evidence § 198.
[4]  39 Am Jur, Notice and Notices § 9.
[5–7]  7 Am Jur 2d, Automobiles and Highway Traffic §§ 301, 302.

2. MOTIONS — ACCELERATED JUDGMENT — AFFIDAVITS — CONTENTS — COURT RULE.

An affidavit in support of a motion for an accelerated judgment must state affirmatively that the affiant, if sworn as a witness, could testify competently to the facts asserted in the affidavit (GCR 1963, 116.4).

3. MOTIONS — ACCELERATED JUDGMENT — AFFIDAVITS — CONTENTS — SUFFICIENCY — COURT RULE.

An affidavit presented by the Secretary of State was not sufficient to rebut the presumption that his department had received plaintiff's notice of claim against the motor vehicle accident claims fund where the affiant not only failed to state affirmatively that, if sworn, he could testify competently to the facts in his affidavit but also failed to show that he had personal knowledge of the procedures of state department mail clerks or that he knew they filed or recorded every letter received by the department (GCR 1963, 116.4).

4. STATUTES—NOTICE—SUBSTANTIAL COMPLIANCE.

Only substantial compliance with notice provisions of a statute or charter is required.

5. AUTOMOBILES — NEGLIGENCE — UNINSURED MOTORIST — ACCIDENT CLAIMS — NOTICE.

The purpose of the notice provision in the Michigan motor vehicle accident claims act is to give the accident claims fund ample opportunity to investigate a filed claim and to determine possible exposure of the fund to liability (MCLA § 257.1118).

6. AUTOMOBILES — NEGLIGENCE — UNINSURED MOTORIST — ACCIDENT CLAIMS — NOTICE.

The notice requirement in the motor vehicle accident claims act is not intended to be jurisdictional (MCLA § 275.1118).

7. AUTOMOBILES — NEGLIGENCE — UNINSURED MOTORIST — ACCIDENT CLAIMS — NOTICE — SUBSTANTIAL COMPLIANCE.

Plaintiff's letter to the motor vehicle accident claims fund saying that he would probably make a claim against the fund and requesting appropriate claim forms substantially complied with the statutory notice requirement where the plaintiff supplied the secretary of state with much of the information required by the standard claim form, the record failed to demonstrate that the secretary was prejudiced by plaintiff's failure to use the forms provided by the secretary, the secretary of state had actual and complete knowledge of the essential

facts of the collision in which plaintiff was injured, including the names of all witnesses and injured parties, the driver's name and address, and relevant police reports, and where affidavits filed in the case indicated that the secretary's investigators were working on the case (MCLA § 257.1118).

Appeal from Wayne, Joseph A. Moynihan, Jr., J. Submitted Division 1 October 14, 1969, at Detroit. (Docket No. 5,979.) Decided October 29, 1969.

Complaint by Joseph Stacey, a minor, by his guardian, Joseph Stacey, Sr., against Thomas George Sankovich, an uninsured motorist, for damages resulting from an automobile collision. James M. Hare, Secretary of State of Michigan, as intervening defendant, moved for an accelerated judgment. Motion denied. Intervening defendant appeals. Affirmed and remanded for trial.

*Lemberg & Gage,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Joseph B. Bilitzke,* Assistant Attorney General, and *Michael J. Kelly,* Special Assistant Attorney General, for intervening defendant James M. Hare, Secretary of State.

Before: LESINSKI, C. J., and J. H. GILLIS and DANHOF, JJ.

LESINSKI, C. J. This appeal is taken, upon leave granted, from an interlocutory order denying intervening defendant's motion for accelerated judgment.

On January 1, 1966, plaintiff was one of three passengers in an automobile involved in an accident with defendant Thomas Sankovich, an uninsured motorist. Plaintiff, the other passengers, and the

driver of plaintiff's vehicle were injured as a result of the accident.[1]

Plaintiff alleges that on December 16, 1966, he sent the following letter to the Motor Vehicle Accident Claims Fund[2] division of the Michigan Secretary of State's office:

"December 16, 1966
"Michigan Department of State
Motor Vehicle Accident Claims Fund
Lansing, Michigan 48918
"Re: Joseph Stacey, Sr., and Joseph Stacey, Jr.
Detroit Automobile Inter Insurance Exchange
Policy No. 9070 41 41 02
Claim No. WD 5511

"Gentlemen:
"Despite the fact that there is some insurance covering the captioned claim, it would appear at this time that the insurance will be insufficient to cover the tremendous injuries and damages sustained by our clients.

"We will therefore probably make claim upon the State Accident Fund giving credit pursuant to the statute to the first sums recovered from the existing insurance coverage. The existing insurance coverage is being handled by AAA claim WD 5511 as indicated by a copy of the enclosed letter.

"While the AAA has been slow to respond because of the question of coverage, as they put it, it is encumbent [sic] upon us at this time to request the appropriate claim forms from you in order to file the necessary claim.

"Our clients inform us that one of your investigators has already been in contact with them so you must have an existing file covering this matter.

---

[1] As of January 1, 1966, persons injured in accidents caused by an uninsured motorist may seek recovery from the Motor Vehicle Accident Claims Fund, MCLA § 257.1101 et seq. (Stat Ann 1968 Rev § 9.2801 et seq.).

[2] Hereinafter referred to as the "Fund".

Kindly furnish us with the appropriate file number. "Looking forward to your communication, I remain "Very truly yours, "LEMBERG & GAGE "NOEL A. GAGE"

The Secretary of State does not acknowledge receipt of this letter.

On December 20, 1966, the three other injured persons, through their own attorneys, sent formal "notices of intent to claim and applications for payment" to the Secretary of State pursuant to MCLA § 257.1118 (Stat Ann 1968 Rev § 9.2818), which states:

"In all actions in which recovery is to be sought against the fund, said action must be commenced within 3 years from the time the cause of action accrues. Provided that recovery from the fund shall not be allowed in any event unless notice of intent to claim against the fund is served upon the secretary, on a form prescribed by him, within 1 year of the date that the cause of action shall accrue."[3]

Attached to these notices were police reports of the accident indicating, *inter alia,* that plaintiff was injured in the accident. The Secretary of State acknowledges receipt of these notices.

On May 16, 1967, plaintiff's attorney mailed to the Secretary of State either a letter or an application claiming recovery from the fund. The claim was rejected on the ground that "notice of intent to claim" was not properly served on the Secretary of State within the statutory one-year period.

---

[3] This section was amended in 1968 to provide:
"In all actions in which recovery is to be sought against the fund, said action must be commenced within 3 years from the time the cause of action accrues. Recovery from the fund shall not be allowed in any event unless notice of intent to claim against the fund is served upon the secretary, on a form prescribed by him, within *6 months* of the date that the cause of action shall accrue." PA 1968, No 223. (Emphasis supplied.)

On October 13, 1967, plaintiff commenced a circuit court suit against Thomas Sankovich. A copy of the summons and complaint was served upon the Secretary of State pursuant to MCLA § 257.1105 (Stat Ann 1968 Rev § 9.2805).[4]

Defendant Sankovich's default was entered on January 24, 1968. On February 16, 1968, the Secretary of State filed an appearance as intervening-defendant.[5] Subsequently, the secretary moved for an accelerated judgment pursuant to GCR 1963, 116, alleging that plaintiff's failure to serve a proper "notice of intent to claim" within the statutory period barred recovery from the fund. Attached to

---

[4] This section provides:

"The secretary is deemed to be an agent of the owner or operator of every uninsured motor vehicle for services of process in an action in this State arising out of the use or operation in this State of the uninsured motor vehicle. Where such an action is commenced, summons and complaint shall be served on the secretary by certified or registered mail or by leaving a copy thereof with or at the office of the secretary who shall forward a copy of the summons and complaint forthwith by certified mail to the defendant at his last address as recorded with the secretary. In any action to recover damages arising out of the use or operation of an uninsured motor vehicle, failure to serve summons and complaint upon the secretary shall constitute a bar to recovery from the fund. In all actions where summons and complaint have been served upon the secretary, the secretary shall have the right to intervene in the action as a party defendant."

[5] MCLA § 257.1108 (Stat Ann 1968 Rev § 9.2808), provides in part:

"(1) Section 7 does not apply in the case of a judgment entered in an action in which the defendant did not enter an appearance, did not file an answer, or did not appear in person or by counsel at the trial, or judgment was entered upon the consent or with the agreement of the defendant, unless the secretary has been given notice of the failure, consent or agreement and has been afforded an opportunity to take such action as he may deem advisable under subsection (2).

"(2) Where the secretary receives notice under this section, he may enter an appearance within 30 days, file an answer, make payment into court, appear by counsel at the trial or take such other action as he may deem appropriate on behalf and in the name of the defendant, and thereupon, on behalf and in the name of the defendant, may conduct his defense, and may consent to judgment in such amount as he may deem proper in all the circumstances, and all acts done in accordance therewith shall be deemed to be the acts of the defendants."

the motion was the affidavit of Alan J. Long, Deputy Director in charge of claims for the fund. Long stated that "he has searched the appropriate records and files maintained by personnel of the Motor Vehicle Accident Claims Fund and found no record of any notice of intent to claim by or on behalf of Joseph Stacey, Sr., or Joseph Stacey, Jr., arising out of an automobile accident occurring January 1, 1966, having been received within the statutory one-year period."

Attached to his answer, plaintiff filed the affidavit of Herma Cohn, a secretary in the offices of plaintiff's attorney, which stated that she properly addressed and mailed the previously quoted letter of December 16, 1966.

After a brief hearing, the trial court denied the Secretary of State's motion finding that (1) the letter had been sent and received, and (2) that the contents substantially complied with the requirements of the statute.

The proper addressing and mailing of a letter creates a legal presumption that it was received. This presumption may be rebutted by evidence, but whether it was is a question for the trier of fact. *Long-Bell Lumber Co.* v. *Nynam* (1906), 145 Mich 477. In the case at bar, the Secretary of State attempted to rebut the presumption by presenting the affidavit of Alan J. Long. However, the affidavit did not state affirmatively that the affiant, if sworn as a witness, could testify competently to the facts contained therein. GCR 1963, 116.4, and *Billings* v. *Levitt* (1968), 10 Mich App 399. No showing was made that Alan Long had personal knowledge of the procedures of the department of state mail clerks, or that he knew the clerks filed or recorded every letter received by the department. Upon these facts, we cannot say the trial court clearly erred in ruling

that the affidavit presented by the Secretary of State did not rebut the presumption of receipt.

The crucial issue then is whether the December 16, 1966 letter satisfied the notice requirements of the statute. The parties concede the letter was not on a "form provided by the Secretary". However, the plaintiff argues that the letter substantially complied with the intent of the statute. The trial court agreed.

Initially, we note, as we did in *Jackson* v. *City of Detroit Board of Education* (1969), 18 Mich App 73, that both the trial court's opinion and the briefs of the parties were filed before the recent case of *Meredith* v. *City of Melvindale* (1969), 381 Mich 572, where the Supreme Court declared, as a matter of judicial policy, a liberal construction of statutory notice requirements. Although the Courts in *Meredith* and *Jackson* were not concerned directly with the statute in question here, it was said in *Meredith,* p 580, "This Court is committed to the rule requiring only substantial compliance with the notice provisions of a statute or charter."

In *Meredith,* the Court considered whether plaintiff's letters met the requirements of a 60-day tort notice provision in the Melvindale city charter. The Court stated, p 579:

"The purpose of the charter provision is to furnish the municipal authorities promptly with notice that a claim for damages is made, and advise them of the time, place, nature, and result of the alleged accident, and a sufficient statement of the main facts, togther with names of witnesses, *to direct them to the sources of information that they conveniently may make an investigation."*

The conclusion there was that the notices sent to the city *substantially complied* with the city charter requirements. We have applied *Meredith, supra,* in

*Jackson, supra,* and *Republic Franklin Insurance Company* v. *City of Walker* (1969), 17 Mich App 92.

In his brief in support of the motion for accelerated judgment, the secretary stated his position as to the reason behind the notice provision:

"Since the act itself anticipates actual defense of the actions in which the secretary may otherwise be properly involved by reason of adequate notice, it is clear that he could only do so if he were, in fact, in receipt of such notice. Aside from the proviso to defend the defendant in the action, the object of the provisions of this kind has been repeated many times. It is to afford the governmental agency an opportunity to investigate and preserve evidence before the claim has become too stale, as stated in *Rottschafer* v. *City of East Grand Rapids* (1955), 342 Mich 43, or as stated in *Trbovich* v. *City of Detroit* (1966), 378 Mich 79, that the provision of notice is to protect the local units of government from possible, if not probable, spurious claims against which no defense could be made for want of timely notice and timely investigation. After all, the exposure to [*sic*] the Secretary and to [*sic*] the fund for [*sic*] damages and injuries to persons sustained through the tortious acts of uninsured motorists is vast. The situation here is not the ordinary situation where both the plaintiff and defendant are normally present at the scene; nor is it akin to other situations where the defendant may be in actual physical custody of property, such as where the plaintiff be [*sic*] injured by a slip and fall accident. The secretary has no practical means of learning of the accidents for which the fund may be liable, unless he receives a notice. It is the contention of your intervening defendant that such notice be actual and also to enable him to arrange for advocacy, it is necessary that such notice be prompt."

We agree with the secretary's position as to the purpose of the notice provision. In light of the Su-

preme Court's pronouncement in *Meredith, supra,* it is clear that the notice provision was inserted in the act to provide the Secretary of State, as director of the fund, with ample opportunity to investigate claims against it and to determine possible exposure of the fund to liability for payment. The notice requirement was not intended to be jurisdictional.[6]

The record fails to demonstrate that the secretary was prejudiced by the plaintiff's failure to use the forms provided by the secretary. The plaintiff supplied the secretary with much of the information required by the standard form. In addition, the secretary had actual and complete knowledge of the essential facts of the accident, including the names of all witnesses and injured parties, the driver's name and address, and relevant police reports. Affidavits were filed below indicating the secretary's investigators were working on the case.

Under the facts of this case, in the absence of a showing of prejudice, plaintiff's letter of December 16, 1966, coupled with the secretary's actual knowledge of the existence of the accident and of possible exposure of the fund to liability for payment, satisfies the intent of the statute.

Accordingly we affirm and remand for a trial on the merits. No costs, a public question being involved.

All concurred.

---

6 The existence of three-year *limitation* periods in the act provides further evidence that the legislature did not intend the short notice period to be jurisdictional (MCLA §§ 257.1118, 257.1128 [Stat Ann 1961 Rev §§ 9.2818, 9.2828]).