CURTIS *v.* BIERMACHER

1. AUTOMOBILES—MOTOR VEHICLE ACCIDENT CLAIMS ACT—NOTICE OF ACCIDENT—SERVICE ON SECRETARY OF STATE.

Personal service on the Secretary of State is not required for a claim under the Motor Vehicle Accident Claims Act arising from an accident with an uninsured motorist (MCLA § 257.1101 *et seq.*).

2. AUTOMOBILES—MOTOR VEHICLE ACCIDENT CLAIMS ACT—NOTICE REQUIREMENT—SUBSTANTIAL COMPLIANCE.

Plaintiffs substantially complied with the notice requirement of the Motor Vehicle Accident Claims Act where they showed unrebutted evidence that they sent notice of their claim by letter to the Secretary of State within the statutory period of one year (MCLA § 257.118).

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 February 3, 1971, at Lansing. (Docket No. 7890.) Decided February 16, 1971.

Complaint by George E. Curtis and Linda Curtis against Dora Aillene Biermacher and the Secretary of State, as director of the Motor Vehicle Accident Claims Fund, for automobile negligence. Summary judgment for defendants. Plaintiffs appeal. Reversed and remanded.

*Sauer & Girard,* for plaintiffs.

Dora Aillene Biermacher, *in propria persona.*

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 139, 140.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Joseph B. Bilitzke,* Assistant Attorney General, and *Julian A. Cook, Jr.,* Special Assistant Attorney General, for defendant Secretary of State.

Before: Quinn, P. J., and McGregor and O'Hara,* JJ.

Quinn, P. J. On or about September 1, 1967, George E. Curtis was injured in a motor vehicle accident involving an uninsured motorist. March 6, 1968, plaintiffs' attorney mailed a letter to the Pontiac branch office of the Secretary of State advising the Michigan Accident Vehicle Claims Fund that a claim would be processed under Motor Vehicle Accident Claims Act[1] on behalf of Curtis for property damage and personal injuries arising out of an accident which occurred September 1, 1967, with defendant Biermacher of 2534 Premont, Pontiac, Michigan.

October 31, 1968, plaintiffs filed with the Secretary of State a notice of intent to file a claim under the act on a form prescribed by the latter. April 24, 1969, plaintiffs filed their complaint against Biermacher, and copies of the complaint and summons were served on her and on the Secretary of State. The latter responded with a motion for summary judgment on the basis that plaintiffs had failed to comply with the statutory notice requirements and the Fund was not liable. Plaintiffs filed a sworn answer to the motion alleging service of notice March 6, 1968 by letter, a copy of which was

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA § 257.1101 *et seq.* (Stat Ann 1968 Rev § 9.2801 *et seq.*).

attached to the answer. There is no testimony or affidavit in the record which refutes this allegation.

The trial judge granted summary judgment July 16, 1969, on the bases that plaintiffs had failed to comply with the statutory notice requirement because they did not make *personal service on James M. Hare* within *six months* of the accident. At the time of decision, the trial judge did not have the benefit of *Stacey* v. *Sankovich* (1969), 19 Mich App 688. Both bases for decision are wrong. Personal service on the Secretary of State is not required, and, absent rebutting evidence, the presumption that plaintiffs' letter of March 6, 1968 was received is not overcome, *Stacey, supra.* The time limit for giving notice on this accident was one year. MCLA § 257-.1118 (Stat Ann 1968 Rev § 9.2818). The amendatory act, PA 1968, No. 223, reducing the time limit to six months was, by its terms, effective July 1, 1968. See MCLA 1970 Cum Supp § 257.1118 (Stat Ann 1970 Cum Supp § 9.2818). This record demonstrates substantial compliance with the statutory notice requirements.

Normally, we would stop here, but in the early stages of the field of litigation opened up by Motor Vehicle Accident Claims Act, it seems pertinent to make an observation. If claimants against the Fund wish to avoid being "penny wise and pound foolish", they should make service of claim by a method that is not easily controverted.

Reversed and remanded for trial but without costs.

All concurred.