MULLAS *v.* SECRETARY OF STATE

OPINION OF THE COURT

1. STATUTES—NOTICE REQUIREMENTS—NONJURISDICTIONAL.
 Statutory provisions requiring the giving of notice of claims to governmental units are not necessarily jurisdictional.

2. STATUTES—NOTICE REQUIREMENTS—CONSTRUCTION—SUBSTANTIAL COMPLIANCE.
 Statutes requiring the giving of notice of claims to governmental units are liberally construed; substantial compliance is sufficient to fulfill the statutory requirements.

3. AUTOMOBILES—MOTOR VEHICLE ACCIDENT CLAIMS ACT—NOTICE REQUIREMENTS—PURPOSE.
 Statute requiring the giving of notice of intent to claim against the Motor Vehicle Accident Claims Fund within six months from the accrual of the cause of action is intended to give the Secretary of State time to investigate the claim before the evidence becomes stale, and to determine the possible liability of the uninsured motorist fund (MCLA § 257.1118).

4. AUTOMOBILES—MOTOR VEHICLE ACCIDENT CLAIMS ACT—NOTICE REQUIREMENT—SUBSTANTIAL COMPLIANCE.
 Plaintiff's failure to formally file her notice of intent to claim against the Motor Vehicle Accident Claims Fund within six months from the accrual of her cause of action did not bar her claim where plaintiff's attorney wrote the Secretary of State asking if the tortfeasor was insured, the Secretary replied with the name of the insurance carrier and insurance policy number, plaintiff's attorney directed the claim to the

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 56 Am Jur 2d, Municipal Corporations § 686.
[1, 2] 49 Am Jur, States, Territories, and Dependencies § 65.
[2] 56 Am Jur 2d, Municipal Corporations § 687.
[3–5] 7 Am Jur 2d, Automobiles and Highway Traffic § 302.
 Requirements as to filing of claim against unsatisfied claim and judgment fund, 2 ALR3d 760.

named insurance company, the insurance company, after a delay of two and one-half months, informed the plaintiff that the tortfeasor had never been insured by them, plaintiff filed her claim, seven months and eight days after the accident and the Secretary of State admitted that he had not been prejudiced by the delayed notice, because the plaintiff's actions in investigating the tortfeasor's insurance coverage were reasonable, and because an initial determination that a tortfeasor is insured would save the Secretary of State time and expense, and thus, the uninsured motorist fund should not be heard to complain about insurance investigations (MCLA § 257.1118).

DISSENT BY QUINN, P. J.

5. AUTOMOBILES—MOTOR VEHICLE ACCIDENT CLAIMS ACT—NOTICE REQUIREMENT—SUBSTANTIAL COMPLIANCE—NONCOMPLIANCE.

*Plaintiff's filing a notice of intent to claim against the Motor Vehicle Accident Claims Fund seven months and eight days after the accident giving rise to the action occurred did not constitute substantial compliance with the six-month notice requirement of the governing statute; plaintiff's failure to file timely notice constituted noncompliance with the statute (MCLA § 257.1118).*

Appeal from Oakland, James S. Thorburn, J. Submitted Division 2 February 4, 1971, at Lansing. (Docket No. 9747.) Decided April 23, 1971.

Complaint by Elaine Mullas against the Secretary of State, as custodian of the Motor Vehicle Accident Claims Fund, for a declaratory judgment of plaintiff's right to proceed against the Fund. Summary judgment for defendant. Plaintiff appeals. Summary judgment vacated and plaintiff allowed to proceed with her claim.

*Moore, Sills, Polling & Wooster* (*W. Bruce Knight,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke*

and *Carl K. Carlsen,* Assistants Attorney General, for defendant.

Before: QUINN, P. J., and McGREGOR and O'HARA,* JJ.

O'HARA, J. Plaintiff began this action in the nature of a suit for a declaratory judgment. She sought an adjudication of her right to proceed against the Secretary of State as custodian of the Motor Vehicle Accident Claims Fund.[1]

In substance, her complaint asserted that though her notice of intent to claim against the Fund was not formally filed within the six-month period from the date of the accrual of her cause of action, she had substantially complied with the statute within that period, and, additionally, that any failure of strict compliance was caused by the actions of the custodian of the Fund.

On motion of the Attorney General, representing the Secretary of State, the trial judge granted a summary judgment which, in effect, held held her cause of action was lost because of noncompliance with the notice provision.[2]

The case arose from an automobile collision on December 5, 1968, in which a vehicle owned and operated by plaintiff was struck from behind by an automobile owned and driven by Wayne Douglas Russell.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA § 257.1101, *et seq.* (Stat Ann 1968 Rev § 9.2801, *et seq.*)

[2] "In all actions in which recovery is sought against the fund, said action must be commenced within 3 years from the time the cause of action accrues. Recovery from the fund shall not be allowed in any event unless notice of intent to claim against the fund is served upon the secretary, on a form prescribed by him, within 6 months of the date that the cause of action shall accrue." MCLA § 257.1118 (Stat Ann 1970 Cum Supp § 9.2818).

On April 18, 1969, plaintiff, through her attorney, wrote defendant Secretary as follows: "Could you please advise us from your records as to whom the insurance carrier was when Mr. Russell applied for his 1968 license plates."

An agent of defendant responded to the query by indicating what the records reflected: "Insurance: Allstate Insurance Co., N191044, 3–25–69." (The latter being the expiration date of the insurance policy.)

Once plaintiff had been informed as to the automobile insurance carried by the alleged tortfeasor, her attorney directed his claim to Allstate and awaited its reply. For some inexplicable reason, Allstate delayed about 2–1/2 months before it finally informed plaintiff's counsel that Russell had never been one of its policyholders.

Given this unhappy circumstance, plaintiff, within about a month of receiving this information from Allstate, notified the Secretary of her intent to claim against the Fund. Acting pursuant to statutory authorization, defendant rejected the claim because of failure to give notice within six months following accrual of the cause of action.

Plaintiff admits that no claim was made against the Fund until about seven months and eight days following the accident.

An examination of the Motor Vehicle Accident Claims Act does not indicate any explicit requirement that the injured party inquire as to whether the tortfeasor carried liability insurance prior to giving notice of intent to claim against the Fund. However, plaintiff's actions in investigating Russell's insurance coverage certainly were prudent. The Secretary of State should not be heard to complain about preliminary inquiries as to possible

indemnification by a tortfeasor's insurance company. Time and expense may be saved if an initial determination can be made that the offending vehicle was insured, and that the Fund thus has no liability arising out of the accident. Unless injured parties may inquire as to the existence of insurance and place reasonable reliance upon information furnished by the Secretary, the effect would be to encourage the filing of a claim in every accident, which would add an immeasurable administrative burden.

On oral argument, defendant's counsel admitted that no prejudice had resulted from failure to receive notification within the prescribed period. Because the official records indicated that Russell carried insurance, defendant presumptively would have done nothing toward making a detailed investigation of the claim before it received the notice of intent to claim. Accordingly, we are unable to perceive any justification for denying an apparently meritorious claim based upon inconsequential delays not attributable to plaintiff.

Statutory provisions requiring that notice of a claim be given to a governmental unit are not necessarily jurisdictional. Their purpose is to insure that the Secretary will have an opportunity to investigate the validity of claims before they become "stale" and to determine possible liability of the Fund. *Stacey* v. *Sankovich* (1969), 19 Mich App 688.

Mandatory notice requirements have been liberally construed by the courts of this state to the end that substantial compliance with a statutory directive will suffice. *Stacey, supra; Meredith* v. *City of Melvindale* (1969), 381 Mich 572; *Jackson* v. *City of Detroit Board of Education* (1969), 18 Mich App 73. "This judicial policy favoring a liberal construction is based on the theory that the inexpert

layman with a valid claim should not be penalized for some technical defect." *Meredith, supra,* p 579.

Although claimant in this case was represented by counsel at the outset and thus was not technically within the "inexpert layman" rule, we are constrained to hold that her counsel acted with diligence and pursued an eminently reasonable course of conduct to protect his client's rights.[3]

The order of the trial court granting defendant's motion for a summary judgment is vacated. Plaintiff may proceed against the Fund in the manner provided by statute.

No costs, a public question.

McGregor, J., concurred.

Quinn, P. J. (*dissenting*). I dissent. MCLA § 257.1118 (Stat Ann 1970 Cum Supp § 9.2818) requires service of notice of intent to claim against the fund on the secretary of state within six months of the date that the cause of action accrues. The majority opinion accurately states, "Plaintiff admits that no claim was made against the Fund until about seven months and eight days following the accident."

This case is not one of substantial compliance (see *Stacey* v. *Sankovich* [1969], 19 Mich App 688); it is a case of noncompliance. Substantial compliance I can accept (see *Curtis* v. *Biermacher* [1971],

---

[3] We take this occasion, respectfully to suggest to the Legislature that recurrence of the situation in this case might be remedied easily by amendment to the statute. We note that the dual function of the Secretary of State, as custodian of the Fund and as the agency issuing license plates, could easily provide a more effective method of exchange of information as to the nonexistence of liability insurance coverage. Hopefully, too, the Legislature might wish to address itself to the problem arising from the fact that evidence of insurance coverage need only extend to the date of the issuance of the license plate, rather than being coextensive with the period of validity of the plate.

30 Mich App 503, decided by this same panel and released February 16, 1971).

I too feel sorry for this plaintiff, but the majority opinion does violence to the authority of courts to construe legislation. "The court can but construe the statute in question as it reads, and not as equitable considerations might impel us to do." *Bankers Trust Company of Detroit* v. *Russell* (1933), 263 Mich 677, 684, 685.

I vote to affirm.