STACY v SECRETARY OF STATE

AUTOMOBILES—MOTOR VEHICLE ACCIDENT CLAIMS ACT—NOTICE—PREJ-
UDICE.

  The provision of the Motor Vehicle Accident Claims Act which
    requires the filing of a notice of intention to file a claim within
    six months of accrual of the cause of action is not jurisdic-
    tional; therefore the trial court erred in dismissing a claim
    against the Motor Vehicle Accident Claims Fund on that basis
    alone without a showing of prejudice on account of the delay in
    filing the notice of intent to file a claim (MCLA 257.1118).

Appeal from Wayne, Neal Fitzgerald, J. Submit-
ted Division 1 April 9, 1973, at Detroit. (Docket
No. 10702.) Decided April 23, 1973.

Complaint by Phin F. Stacy for himself and for
the use and benefit of Michigan Mutual Liability
Company against the Secretary of State to compel
the Secretary of State to pay from the Motor
Vehicle Accident Claims Fund a judgment against
an uninsured motorist for damages resulting from
an automobile accident. Summary judgment for
defendant. Plaintiff appeals. Reversed and re-
manded with instructions.

*Greenberg & Greenberg,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Joseph B. Bil-
itzke* and *Carl K. Carlsen,* Assistants Attorney
General, for defendant.

REFERENCE FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobile Insurance § 137.

Before: BRONSON, P. J., and R. B. BURNS and VAN VALKENBURG,* JJ.

R. B. BURNS, J. August 20, 1970 plaintiff was struck by David Warbis, an uninsured motorist. Plaintiff obtained a default judgment against Warbis in the amount of $25,000 for himself and $9,000 for his insurer.

Plaintiff filed a notice of intent of claim and application for payment with the Motor Vehicle Accident Claims Fund. He was denied recovery because he failed to comply with the time limitation set forth in MCLA 257.1118; MSA 9.2818.

Plaintiff filed suit in circuit court against the Secretary of State in his capacity as director of the fund to compel payment. MCLA 257.1123; MSA 9.2823. The Attorney General, on behalf of the fund, filed a motion for summary judgment[1] (GCR 1963, 116) denying liability due to plaintiff's failure to file his notice of intention to file a claim within the statutory six-month period. The trial judge granted the motion and dismissed the case.

In *Lisee v Secretary of State (Howell v Lazaruk)*, 388 Mich 32 (1972),[2] the Supreme Court in its discussion of the *Howell* case held that the statute involved was not jurisdictional.

In the *Howell* case, although the plaintiff failed to file the notice of intent to file a claim, the Secretary of State had actual knowledge of the accident. On pages 44, 45, the Court stated:

"Thus we hold that the Court of Appeals in *Stacey v Sankovich* [19 Mich App 688 (1969)], and *Mullas v*

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] The motion was called one for summary judgment (GCR 1963, 117), but the ground given is found in the court rule for accelerated judgment.

[2] The two cases were consolidated on appeal.

*Secretary of State* [32 Mich App 693 (1971)], was correct in holding that the purpose of the statute was to afford the governmental agency an opportunity to investigate and preserve the evidence before the claim had become too stale, and to protect the Fund from possible spurious claims for which no defense could be made for want of timely notice and timely investigation. * * *

"Hence, the Secretary of State was not prejudiced in any way. Because of the remedial nature of this Act and because of the lack of prejudice to the defendant, we hold that plaintiffs' failure to file notice within the time required under MCLA 257.1118; MSA 9.2818, is not a bar to recovery under the circumstances of this case."

Therefore, we remand the present case to the trial court for a determination of prejudice or lack of prejudice to the defendant.

Reversed and remanded in accordance with this opinion. No costs, a public question.

All concurred.