*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PETRA PIKE, formerly known as PETRA HANRAHAN,

        Plaintiff-Appellant,

v

NORTHERN MICHIGAN UNIVERSITY and PETER BOSMA,

        Defendant-Appellees.

FOR PUBLICATION
April 25, 2019

No. 344083
Court of Claims
LC No. 17-000312-MZ

Before: SWARTZLE, P.J., and CAVANAGH and CAMERON, JJ.

SWARTZLE, P.J. (*concurring*).

I concur with the majority's decision affirming summary disposition to defendant Northern Michigan University under MCR 2.116(C)(7). I likewise concur with the majority's decision reversing summary disposition to defendant Peter Bosma, but I write separately to explain that there is nothing illogical or improbable with the Legislature deciding not to apply the notice-of-intent requirement of MCL 600.6431 to state officials or employees.

Generally speaking, notices of intent are for the benefit of the state and its subdivisions, not for the trial court or an individual state official or employee. As explained by former-Justice LEVIN, "Statutes requiring notice of claim . . . mainly seek to provide a governmental authority with early warning so that it can assemble information in support of a defense on the merits while the evidentiary trail is still hot." *Dover & Co v United Pacific Ins Co*, 38 Mich App 727, 730; 197 NW2d 126 (1972) (LEVIN, J., concurring). Consistent with this, courts have long recognized that the purpose of the Court of Claims' notice-of-intent requirement is to "afford the state an opportunity to evaluate the claim and prepare for potential litigation." *Beasley v State*, 483 Mich 1025, 1028-1029; 765 NW2d 608 (2009) (CORRIGAN, J., dissenting); see also *Oak Const Co v Dep't of State Highways*, 33 Mich App 561, 564; 190 NW2d 296 (1971). The provision "gives the state and its agencies time to create reserves and reduces the uncertainty of the extent of future demands," *Mays v Governor*, 323 Mich App 1, 44; 916 NW2d 227 (2018) (citation omitted), and "apprise[s] the governmental agency that an action is contemplated, so that [the agency] may take appropriate measures to gather evidence before the requisite

information is lost," *In re Fair Estate v State Veterans' Facility of Michigan*, 55 Mich App 35, 39; 222 NW2d 22 (1974).

Statutory notice-of-intent requirements do not usually apply to claims brought against individual state officials or employees. Michigan law applicable to governmental agencies and employees contains other notice-of-intent requirements, but such provisions apply only against the state or its subdivisions, not against individual employees. See, e.g., MCL 691.1404(1) (the notice provision applicable to the highway exception to governmental immunity), MCL 691.1406 (the notice provision applicable to the public-building exception to governmental immunity), and MCL 691.1419(1) (the notice provision applicable to the sewage-disposal-system-event exception to governmental immunity). Indeed, I am not aware of any judicial decision of this state identifying a policy reason for applying notice-of-intent requirements against individual state officers or employees.

I am also unaware of any judicial decision suggesting that notice-of-intent requirements are intended to benefit the trial court in some way. When a trial court accepts a notice-of-intent filing, it does not hire more staff in anticipation of the lawsuit or otherwise ramp up for the lawsuit. It quietly files the notice of intent away and awaits the filing (or not) of a lawsuit.

Thus, when the Legislature expanded the jurisdiction of the Court of Claims with 2013 PA 164 to include certain claims against state officials and employees, it makes sense that it did not, at the same time, alter the notice-of-intent requirement. Prior to amendment in 2013, claims against the state and its subdivisions in the Court of Claims were subject to the notice-of-intent requirement, and this remained unchanged after 2013 PA 164. Similarly, prior to amendment in 2013, claims against state officials and employees in the trial court (whether circuit court or Court of Claims) were not subject to the notice-of-intent requirement, and this remained unchanged after 2013 PA 164. This seems consistent in my eyes, not illogical or improbable.

Accordingly, I concur in the majority's decision except as described above.


/s/ Brock A. Swartzle